**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Calvin GRAY, Defendant-Appellant.**
**No. 12544.**

United States Court of Appeals
Seventh Circuit.

May 14, 1959.

William C. Starke, Starke & Anglin, Chicago, Ill., for appellant. Howard T. Savage, Chicago, Ill., of counsel.

Robert Tieken, U. S. Atty., Glenn R. Heyman, Asst. U. S. Atty., Chicago, Ill., for appellee. John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., of counsel.

Before HASTINGS, PARKINSON and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

Calvin Gray, defendant-appellant, was indicted on a charge of having, on February 14, 1958, at Chicago, Illinois, fraudulently and knowingly received, concealed, bought and facilitated the transportation and concealment, after importation, of heroin, knowing the same to have been imported into the United States, contrary to law, in violation of Sec. 174, Title 21 U.S.C., as amended by the Narcotic Control Act of 1956.

Defendant was found guilty in a trial by the District Court without jury, remanded to the custody of the Attorney General for a period of five years, and fined $100.00.

The basic issue here is whether the search of defendant, which disclosed the evidence, sought to be suppressed by defendant, was, or was not, a valid search incident to a lawful arrest.

The record shows that on February 10, 1958, Narcotic Agents Arpaio and Newey interrogated one Robert Dean, who was then under arrest. Agent Arpaio testified that Dean told them Calvin Gray was his source of narcotic supply; that on February 14, 1958, Dean repeated that statement and picked out Calvin Gray's picture from seven or eight pictures shown him by Agent Newey. Agent Arpaio knew that the Bureau of Narcotics was investigating Calvin Gray although he had not seen him in person.

On February 14, 1958, Dean made a telephone call from his apartment, with Agent Arpaio listening on an extension telephone in another room. Chicago Police Officer Robert Lopez remained with Dean and saw him dial telephone number HU 8–2034, which Calvin Gray later testified was his telephone number at the time. Agent Arpaio then heard this conversation:

> "Dean: I would like some stuff.
>
> Voice: Did you want a half?
>
> Dean: Well, Red might want some also.
>
> Voice: Are you at home?
>
> Dean: Yes.
>
> Voice: Call me back in a little while; I am taking a bath."

Dean then told Agent Arpaio and Officer Lopez that Calvin Gray was taking a bath and would call later.

Later Dean placed another call at about 2:15 P.M. to the same number and Agent Arpaio heard the following:

> "Voice: Cal isn't here. I will have him call you."

About ten minutes later, the telephone in Dean's apartment rang and Agent Arpaio heard the following:

> "Voice: 69th and Perry 3:15.
>
> Dean: 69th and Perry 3:15.
>
> Voice: Yes."

Dean, Arpaio and Lopez all left the apartment. Dean drove his own automobile with Agent Arpaio as his passenger in the rear of the car.

Dean drove to the intersection of 69th and Perry, with Agent Arpaio concealed on the floor in the rear of the automobile. At 69th and Perry, a vehicle passed them and a voice called out: "Calvin will see you down at the next corner." Dean drove to 68th and Perry and parked his automobile. In a few minutes, Dean said: "Here comes Calvin. * * *" Agent Arpaio saw defendant Calvin Gray, whom he recognized as the man in the picture picked out earlier by Dean. When Calvin Gray

came up to the automobile, he said: "Well, I see you are on time. It is about 3:15," and opened the automobile door. Agent Arpaio said, "You are under arrest. Stop." -

Agent Arpaio testified that defendant ran away from him and had to be pursued. Defendant denied flight.

When Agent Arpaio searched Calvin Gray, he found two manila envelopes which proved to contain heroin.

The name of the informer, Robert Dean, was disclosed to defendant by Police Officer John McDermott at the Tenth District Police Station, 75th and Maryland, Chicago, Illinois, shortly after the arrest.

■ It thus appeared that Agent Arpaio had personal knowledge that a crime was to be committed by Calvin Gray at about 3:15 P.M., in the vicinity of 69th and Perry, in Chicago. He had information about Calvin Gray's criminal narcotic background and had seen a picture of him. Events occurring prior to the arrest substantiated much of the information given him. He was justified in making the arrest without a warrant and in conducting a search incidental thereto, as he had probable cause to believe that a federal crime had been committed by Calvin Gray. United States v. Walker, 7 Cir., 1957, 246 F.2d 519, 527; Draper v. United States, 1959, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.

■ Defendant argues that failure to produce Dean as a witness deprived the Court below of the opportunity to determine whether or not the circumstances of the arrest constituted reasonable grounds as contemplated by the Fourth Amendment to the United States Constitution; deprived defendant of an opportunity to cross-examine Dean to demonstrate that the arresting official had not acted reasonably in relying on his information; and presented the Court with mere uncorroborated hearsay testimony of the arresting officer. However, in this case, unlike Roviaro v. United States, 1957, 353 U.S. 53, 77 S.Ct.

623, 1 L.Ed.2d 639, cited by defendant, the informer's name was disclosed. At the time of the trial, government counsel stated that Robert Dean was in custody, commencing service of sentence imposed in an unrelated case, in which he had been represented by the same counsel who was representing Calvin Gray at his trial. It is, therefore, apparent that defendant had the opportunity of securing Dean as a witness, had he so desired, under the process available to him.

We find no error in the proceedings below.

Affirmed.