(No. 38174.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK BROOKS, Plaintiff in Error.

*Opinion filed January 21, 1965.*

WILFRED F. RICE, JR., of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and GEORGE W. KENNEY, Assistant Attorneys General, and ELMER C. KISSANE and WILLIAM J. NELLIS, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The defendant, Frank Brooks, was indicted in the criminal court of Cook County for unlawful possession of a narcotic drug. His pretrial motion to suppress evidence was denied, and in a bench trial he was found guilty and sentenced to a term of 5 to 10 years in the penitentiary. On this writ of error he contends that his conviction was based upon evidence obtained in the course of an unreasonable search and seizure in violation of the State and Federal constitutions. Ill. Const. art. II, sec. 6.

The People's case is founded upon the testimony of two Chicago police officers. Officer Robert Frawley testified that at about 9:10 A.M. on October 16, 1962 he received a phone call from an informer whom he had talked to on numerous previous occasions. The informer stated that sometime later that morning a man called Frank would be selling narcotics near the McDonald's hamburger stand located at the corner of 35th and Wabash in Chicago. The caller further indicated that Frank was approximately 34 years old, about 5½ feet tall, "dark skinned", sometimes wore a tan raincoat, and would probably come from the direction of a nearby elevated station.

Upon receiving this information, officer Frawley and his companion, officer Melvin Alexander, drove to 35th and Wabash where they arrived at about 10:00 A.M. Officer Frawley remained in a car parked immediately west of the

hamburger stand while officer Alexander, dressed in civilian clothes, stood beside the hamburger shop drinking coffee and reading a newspaper. At about 10:10 A.M. both officers observed the defendant approach from the direction of the C.T.A. elevated station. He wore a cap and tan raincoat and otherwise fit the general description given by the informer. After reaching McDonald's, the defendant purchased a cup of coffee and engaged in conversation with an unidentified man who was standing about 5 feet from officer Alexander. Alexander testified that the unidentified man said to the defendant "I have the money, do you have the stuff?" and then removed some money from his pocket whereupon the defendant put his hand into his pocket.

At this moment officers Frawley and Alexander started to "move in" on the pair. The unidentified man fled from the scene with officer Frawley in unsuccessful pursuit while officer Alexander arrested the defendant. Although there is some dispute as to the chronology of the events occurring at the scene of the arrest, the evidence supports the conclusion that the stranger's flight occurred just prior to the defendant's arrest. A search of the defendant's clothing disclosed the presence of a "Pall Mall cigarette package containing three tin foil packages of white powder". It was stipulated at the trial that the powder was cocaine hydrochloride, a narcotic drug.

Testifying in his own behalf at the hearing on the motion to suppress, the defendant denied that the unidentified man had uttered the words testified to by officer Alexander.

A police officer may make an arrest without a warrant if he has reasonable grounds to believe that the person to be arrested has committed or is committing a crime. (*Draper* v. *United States,* 358 U.S. 307, 3 L. ed. 2d 327; *Carroll* v. *United States,* 267 U.S. 132, 69 L. ed. 543; *People* v. *Beattie,* 31 Ill.2d 257; *People* v. *Durr,* 28 Ill.2d 308; *People* v. *Jones,* 16 Ill.2d 569; *People* v. *La Bostrie,* 14 Ill.2d 617). The defendant concedes that if his arrest was lawful the

search incident thereto was likewise lawful. (*People* v. *Watkins,* 19 Ill.2d 11). He contends, however, that the police officers did not have reasonable cause to arrest him without a warrant and that the subsequent search of his person without a search warrant was therefore illegal and the evidence obtained thereby improperly admitted at his trial.

More particularly, the defendant argues that there was no testimony as to the reliability of the informer, and that on the authority of *People* v. *Pitts,* 26 Ill.2d 395, and *People* v. *Parren,* 24 Ill.2d 572, the officers were not justified in relying on the informer's tip. But unlike the *Pitts* and *Parren* cases, this is not a case in which the arrest was based solely upon an unknown informer's tip. Although the record contains no affirmative testimony as to the past reliability of the informer, we think it clear that the events occurring prior to the defendant's arrest served to confirm the accuracy of the tip. (See *United States* v. *Gray,* (7th cir.) 267 F.2d 106; *People* v. *Tillman,* 1 Ill.2d 525.) In our opinion the collective facts of the informer's tip, the appearance and demeanor of the defendant, and the words, actions and flight of the stranger were sufficient to lead a reasonable and prudent person to conclude that the defendant was in the commission of a criminal offense. The arrest was lawful, and the trial court did not err in admitting evidence discovered in the course of the search incident thereto.

The judgment of the criminal court of Cook County is affirmed.