THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HESKIE GASTON, Defendant-Appellant.

(No. 61106;

First District (5th Division)—August 8, 1975.

James J. Doherty, Public Defender, of Chicago (Gail A. Moreland and Richard D. Kharas, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, John T. Theis, and Robert Handelsman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendant pleaded guilty to three counts of possession of a controlled substance and was placed on probation for 5 years. Two months later defendant was arrested and charged with possession of a controlled substance, battery and resisting arrest. Subsequently the State petitioned for a rule to show cause why the probation should not be terminated. After a hearing, probation was terminated and the defendant sentenced to a term of 7 to 8 years. The defendant contends on appeal that: (1) his arrest was unlawful; (2) his guilt was not proven by a preponderance of the evidence; and (3) his sentence was erroneous.

The evidence adduced at the revocation of probation hearing was as follows:

Chicago Police Officer Thomas Riley testified for the State that on March 17, 1972, at approximately 12:05 a.m., he and his partner, Officer John Kinnane, were cruising in an unmarked car. A known informant told the officers that she had just purchased heroin in front of 2242 West Madison from a 6 foot 2 inch 250 pound male Negro wearing gray slacks, a knit hat and a brown leather jacket. The officers proceeded to that address and parked approximately 100 feet away. They observed defendant, who fit the description, make hand exchanges with four unidentified individuals. As they were attempting to arrest defendant, he struck Officer Riley and had to be subdued. A cigarette pack was recovered from defendant's hand which contained 16 packets of white powder. Officer Riley conducted a field test on the powder for heroin, and the result was positive. After returning to his police station, the officer hand-delivered the packets to the Chicago Police Department Crime Laboratory, and a few days later he received a report from chemist Charles Vondrak that tests showed the substance to be heroin. Neither the cigarette pack nor the white substance was introduced into evidence. Defense counsel refused to stipulate as to the contents of the chemist's report and objected when it was allowed into evidence. Officer Kinnane testified for the State and corroborated Officer Riley's testimony. The informant was not called to testify.

Probation Officer Pine informed the court that defendant, in the short time he was on probation, called or reported to his probation officer

monthly. Also, defendant had stated that he was looking for work and avoiding his former associates.

Defendant testified in his own behalf that a few days after being placed on probation he was stopped by Officers Riley and Kinnane and searched for drugs. After finding defendant did not have any drugs, they asked him to "help" them. When he refused, they promised to "get" him. As to the night in question, defendant was walking down Madison Street when he saw the officers get out of their car and shake down a man across the street. They noticed defendant and ran towards him. Without saying a word, Officer Kinnane swung at defendant, and he attempted to defend himself. Defendant denied possession of the cigarette pack as it was not his brand and also denied use or possession of drugs since his probation.

It was stipulated that if defendant's mother testified, she would state that he lived with her, and to the best of her knowledge he was not using narcotics.

Opinion

■■ Defendant first contends that since his arrest was based upon an informant's tip, the State's failure to prove the reliability of the informer makes the arrest unlawful. A careful study of the record shows that the officers arrested defendant after observing his actions and when an officer's independent observations are the basis of an arrest, the reliability of an informant becomes unimportant. *People v. Brooks*, 32 Ill.2d 81, 203 N.E.2d 882.

■■ The main thrust of defendant's appeal is a set of contentions involving the powder taken by the officers. He maintains there is insufficient proof that the substance was a narcotic because the nature of the substance was proven by incompetent evidence, the chain of custody was not proven, and the cigarette pack was not introduced into evidence. Defendant agrees that Officer Riley's testimony concerning the field test was properly received; he only contends that this proof is insufficient to establish guilt by a preponderance of the evidence. However, in *People v. Garcia*, 52 Ill.App.2d 481, 202 N.E.2d 269, the arresting officer conducted a field test and received a positive reaction. No other evidence as to the nature of the substance was introduced, and the court held that a positive field test, *by itself*, is sufficient to establish that a substance is a narcotic. Therefore, we find no merit in this contention. In view of this determination the chain of custody and the nonproduction of the cigarette pack are immaterial.

■■ Defendant also contends there is reasonable doubt as to his guilt concerning the battery and resisting arrest charges because discrepancies

in the officers' testimony makes their testimony incredible and also because of his conflicting testimony. We disagree. It has long been established that the credibility of witnesses is for the trier of fact to determine. (*People v. Clark*, 52 Ill.2d 374, 288 N.E.2d 363.) Also, a revocation of probation finding will not be disturbed merely because of conflicting testimony. *People v. Crowell*, 53 Ill.2d 447, 292 N.E.2d 721.

██ Defendant also contends that his sentence is erroneous, and the State agrees. Since the appeal from the revocation of probation hearing was pending on January 1, 1973, the effective date of the new Unified Code of Corrections, defendant is entitled to its benefits. (*People v. Schreiber*, 18 Ill.App.3d 410, 304 N.E.2d 686.) He was indicted under section 402 of the Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1402) which is defined as a Class 3 felony. Under section 5—8—1(c)(4) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(4)) the minimum sentence in a Class 3 felony "shall not be greater than one-third of the maximum term set in that case by the court."

Therefore, we affirm the judgment revoking defendant's probation, vacate the sentence and remand with directions to sentence defendant in accordance with the limits established for a Class 3 felony by the Unified Code of Corrections.

Affirmed in part; sentence vacated and remanded with directions.

LORENZ and SULLIVAN, JJ., concur.