**People of the State of Illinois, Plaintiff-Appellee,
v. Willie Gant, Defendant-Appellant.**

Gen. No. 50,795.

First District, Third Division.

June 1, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, James Klein and Dan Miroballi, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In a nonjury trial the defendant was convicted of unlawful use of a weapon [1] and sentenced to the penitentiary for a term of two to four years. He contends that the weapon introduced in evidence was the product of an illegal search and seizure and that the failure of his attorney to move to suppress the evidence was a denial of his right to competent representation of counsel. He further contends that the State failed to prove his guilt beyond a reasonable doubt. The facts follow.

Defendant was arrested while riding with another man in the back seat of a taxicab operated by one Leon Looper. The arresting officer Charles Wright testified that he and his partner Aubly Policky, were driving east on 51st Street in Chicago when Looper's cab pulled in front of their squad car; that they noticed that at each intersection the defendant or the man with him would turn around and look at the police car; that they believed that this suspicious activity warranted investigation; and that they curbed Looper's vehicle after switching on their dome light. Wright further testified that Looper got out of the cab; that he (Wright) approached the cab on the driver's side and that Policky advanced on the other side; that he heard a thud from inside the cab; that he opened the rear door on the driver's side and found a .32 caliber pistol on the floor between defendant's legs.

On cross-examination Wright testified that he observed defendant and the other man in the taxicab drinking from a bottle, but that he could not tell whether it

[1] Ill Rev Stats, c 38, § 24-1 (1965) Unlawful Use of Weapons.)

"(a) A person commits the offense of unlawful use of weapons when he knowingly:

. . . . . .

"(4) Carries concealed . . . on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver or other firearm; . . . ."

210

contained an alcoholic beverage. He stated that defendant was *not* arrested on suspicion of drinking in a public vehicle. Upon further questioning by defense counsel, Wright testified that he recalled making the following statement at a hearing conducted prior to the trial:

"THE COURT: Who had the pistol?

"OFFICER WRIGHT: Willie Gant dropped it as I came up to the side of the car. He had his hand over the front seat and *the gun was in his hand* and as I walked up with my gun, he dropped it." (Emphasis ours.)

Wright stated that if he were asked the same question again, his answer would be the same; that is, that he saw the gun in Gant's hand. On further cross-examination however he contradicted his earlier statements and testified that he did not recall if the gun was in defendant's hand or whether he had only heard it drop to the floor.

The law is well settled in Illinois that the failure to move to suppress an item which is later introduced in evidence waives the right to object on appeal to the admission of said evidence. People v. Riley, 31 Ill2d 490, 202 NE2d 531; People v. Sotos, 26 Ill2d 460, 187 NE2d 245; People v. Ikerd, 26 Ill2d 573, 188 NE2d 12. Defendant concedes that the question of admissibility cannot be raised directly on this appeal, but he contends that under the circumstances of this case the failure to make a motion to suppress was a vital error and revealed such incompetency as was equivalent to deprivation of his right to counsel. Hence, he argues, he should not be considered to have waived the issue of admissibility.

The Illinois Supreme Court in People v. Reeves, 412 Ill 555, 107 NE2d 861, quoted the opinion of Justice

Minton in United States v. Ragen, 166 F2d 976 (7th Cir 1948), as follows:

"Whenever the court in good faith appoints or accepts the appearance of a member of the bar in good standing to represent a defendant, the presumption is that such counsel is competent. . . . The best of counsel makes mistakes. His mistakes, although indicative of lack of skill or even incompetency, will not vitiate the trial unless on the whole the representation is of such low caliber as to amount to no representation and to reduce the trial to a farce." (Pp 562–563.)

■ Generally, the Illinois Supreme Court has adhered to the principles set forth in the Reeves opinion, People v. Stephens, 6 Ill2d 257, 128 NE2d 731; People v. Clark, 7 Ill2d 163, 130 NE2d 195; People v. Dean, 31 Ill2d 214, 201 NE2d 405; People v. Green, 36 Ill2d 349, 223 NE2d 101. It might be argued however that certain language used by the court in a recent decision involving court appointed counsel (People v. Robinson, 33 Ill2d 391, 211 NE2d 697), indicates a less stringent rule where counsel is not of the defendant's own choosing. In that case the court held that to sustain a contention of incompetency of counsel, "the defendant must clearly establish actual incompetency and substantial prejudice resulting therefrom." In the instant case defendant's attorney at the trial was the Public Defender of Cook County, a court appointed counsel, but it is unnecessary to determine whether a different standard has been formulated with respect to such counsel for under either test the attorney in this case was not incompetent.

Prior to defendant's trial this court had decided in People v. DeFilippis, 54 Ill App2d 137, 203 NE2d 627, that an individual was required to allege a possessory interest in items which he sought to suppress from evi-

dence, and this was the law in Illinois at the time of defendant's trial. The DeFilippis decision was subsequently reversed by the Supreme Court of Illinois, People v. DeFilippis, 34 Ill2d 129, 214 NE2d 897, (Justice Underwood dissenting) on the basis of United States v. Jones, 362 US 257 (1960). Our decision in DeFilippis however was supported at that time by the decision in United States v. Konigsberg, 336 F2d 844 (3d Cir 1964), cert den 379 US 933 (1964), which distinguished United States v. Jones, supra, on facts practically identical to those in DeFilippis. See also United States v. Romano, 203 F Supp 27 (DCD Conn 1962) and Ramirez v. United States, 294 F2d 277 (9th Cir 1961). These cases follow a principle of law set forth by Justice Learned Hand in Connolly v. Medalie, 58 F2d 629 (2d Cir 1932), which was followed in every federal circuit but the First.

■ Despite this amount of precedent, the Public Defender has argued that the defendant's trial counsel exhibited incompetence by relying upon the rule of law as decided by the Appellate Court. In other words he contends that trial counsel, to avoid being labelled incompetent, must anticipate the decisions of a higher tribunal even though a contrary principle has been stated by the courts in numerous jurisdictions. Such a standard, if adopted, might prove too rigorous for even the Public Defender in this case. We hold that defendant's attorney at trial acted competently in declining to make the motion to suppress and therefore the question of the propriety of the arrest is not before the court at this time.

■■ Defendant's second contention is that there is no proof that he concealed a weapon "on or about his person." Officer Wright testified at the trial that he recalled making a statement in a prior proceeding that he saw defendant holding a gun in his hand at the time of the arrest. He further testified that if asked the

same question with respect to defendant's possession of the gun, his answer would be the same. This testimony supports defendant's position that there was a total failure of proof that he had *concealed* a weapon on or about his person, the crime for which he was indicted. People v. Beason, 342 Ill App 621, 97 NE2d 603; People v. Foster, 32 Ill App2d 462, 178 NE2d 402. The State argues that defendant's dropping of the pistol to the floor of the cab constituted an attempt to conceal a weapon within the meaning of the statute, citing People v. Euctice, 371 Ill 159, 20 NE2d 83. In that case the court stated that there was sufficient evidence that defendants had been concealing their guns on or about their persons and had dropped them to the floor and kicked them under the rear seat of the car. That portion of the cross-examination of Officer Wright in the instant case, revealing that he was no longer sure that he saw the gun in the defendant's hand, but that he merely heard a thud as he approached the vehicle, does not constitute evidence that it was defendant who dropped the gun to the floor or that he attempted to conceal the weapon. The evidence is not adequate to prove guilt beyond a reasonable doubt, and the judgment of conviction must be reversed.

Judgment reversed.

SULLIVAN, P. J. and DEMPSEY, J., concur.