(No. 42609.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* EDGAR WALLACE, Appellant.

*Opinion filed March 16, 1971.—Rehearing denied May 26, 1971.*

MORTON ZWICK, Director of Defender Project, of Chicago, (FREDERICK F. COHN, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROBERT H. RICE, State's Attorney, of Belleville, (THOMAS J. IMMEL and FRED G. LEACH, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The defendant, Edgar Wallace, pleaded guilty to an indictment charging him with burglary on May 15, 1968, in the circuit court of St. Clair County. His petition for probation was denied and he was sentenced to a term of from 8 years to 15 years in the penitentiary. He has appealed directly to this court under our Rule 603 (Ill. Rev. Stat. 1969, ch. 110A, par. 603) alleging that constitutional rights were violated in the proceedings before the trial court.

The defendant contends: (1) his plea of guilty was invalid, since he was not advised of his constitutional right to a bench trial by the trial judge, and (2) his constitutional rights were violated when he was forced to take the stand against his will at a probation hearing.

Considering the defendant's first contention, it appears that when the defendant entered his plea of guilty in the circuit court the trial judge admonished him that he was entitled to a trial by jury, representation by counsel and confrontation with his accusers. The complaint which is made here is that this admonition did not include a statement that he was also entitled to have a trial by the court without a jury if he so desired. The defendant's counsel, however, in oral argument, stated that he considered only *Boykin* v. *Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, as supporting his position. *Boykin* was decided after the defendant entered his plea, and we have held that *Boykin* is not to be applied retrospectively. (*People* v. *Williams*, 44 Ill.2d 334.) It is proper to add that we do not consider that *Boykin* is authority for the defendant's claim. We judge that an appropriate admonition and understanding of a right to trial by jury comprehends advice and understanding of a right to trial without jury.

We do not find merit in the claim that the defendant's constitutional rights were violated in that he was forced to take the stand at the probation hearing against his will. A review of the record of the hearing does not support the

charge that he was required to testify. It is evident that the court was interested in giving the defendant, if he wished it, an opportunity to contradict the unfavorable probation report which had been submitted to the court. It was made clear that the defendant was free not to testify in behalf of his petition. It cannot be said that the defendant's constitutional rights were violated when he voluntarily chose to testify. It is unnecessary to consider whether under the circumstances the defendant's testimony could properly have been compelled.

Accordingly, the judgment of the circuit court of St. Clair County is affirmed.

*Judgment affirmed.*