THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *v.* ERNEST "NED" HIGGINS, ROOSEVELT GRAVES, and CHARLES MOORE, Appellants.

(No. 70-189; 

Fifth District—November 10, 1971.

Paul Bradley, of Defender Project, of Mount Vernon, for appellants.

Richard E. Richman, State's Attorney, of Jacksonville, (Howard L. Hood, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

The three defendants were convicted in a jury trial of knowingly carrying "concealed in a motor vehicle a .38-calibre Colt snub-nosed revolver" in violation of Ill. Rev. Stat., ch. 38, par. 24—1(a)(4). The .38-calibre revolver introduced in evidence was found at the scene of the defendants' arrest four or five feet away from the automobile. The search was made following defendants' arrest and removal from the scene. There was no testimony from any witness that the weapon or any "object" was thrown or removed from the automobile. One of the three defendants was apparently getting out of the automobile when the officers arrived. The two other defendants were nearby outside the automobile. Previously that evening the three defendants had entered the apartment of Holly Goodman at which time one of them had a pistol which Miss Goodman said "looked to her like" the revolver found at the scene of the arrest. Two other witnesses had been occupants of the car earlier in the evening and testified that they never saw a gun in the car or with any of the defendants.

The question is raised as to whether the court properly ruled on the motion for a directed verdict at the end of the State's case. This ruling becomes immaterial in that the trial court denied the motion for a directed verdict at the close of all of the evidence.

Defendants contend that the evidence was insufficient to support a conviction.

There was no evidence that the weapon involved was "concealed" in the car nor that it was even in the car. There was no evidence who, among the three claimed occupants of the car, did the act. Accordingly, it must be held that the relevant facts, together with the permissible inferences to be drawn therefrom, fail to prove defendants' guilt beyond a reasonable doubt.

This case is not so unusual in the facts or in the applicable law to require an extended statement of the principles applicable to this case.

We adopt the relevant portions of *People v. Gant*, 84 Ill.App.2d 208, 228 N.E.2d 582.

For the reasons indicated the judgment of the circuit court of Jackson County is reversed.

Judgment reversed.

EBERSPACHER, P. J., and CREBS, J., concur.