THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGE MURRAY, Defendant-Appellant.

(No. 12163; )

Fourth District—September 10, 1973.

*Rehearing denied October 16, 1973.*

John F. McNichols, Deputy Defender, of Springfield, (J. Daniel Stewart, Assistant Appellate Defender, of counsel,) for appellant.

Richard J. Doyle, State's Attorney, of Danville, (John R. McClory, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On March 5, 1969, defendant-appellant George Murray entered a plea of guilty to an indictment which charged him with the offense of aggravated battery. On January 26, 1970, defendant was placed on three years probation. Subsequently, on September 27, 1972, the probation officer filed a report indicating that defendant had violated the terms of his probation, and a bench warrant issued on the same date. On November 28, 1972, defendant's probation was revoked and he was sentenced to a term of one year at the Illinois State Penal Farm at Vandalia.

Defendant here seeks sentence credit for the time which he had served on probation prior to imposition of the sentence imposed and cites section 5—6—4(h) of the Uniform Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—6—4(h)), which provides:

"Resentencing after revocation of probation or of conditional discharge shall be under Article 4. *Time served on probation* or conditional discharge shall be credited against a sentence of imprisonment or periodic imprisonment." (Emphasis added.)

It is clear that defendant had spent or served in excess of two years on probation at the time of the imposition of the one-year sentence. Section

8—2—4 of the Code (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4) provides in pertinent part that "* * * if the offense being prosecuted has not reached the sentencing stage or a final adjudication, then for purposes of sentencing the sentences under this Act apply if they are less than under the prior law upon which the prosecution was commenced." A judgment pending on appeal has not reached final adjudication. (*People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1; *People v. Lobb*, 9 Ill.App.3d 650, 292 N.E.2d 750.) Thus the sentence imposed is controlled by the provisions of the Uniform Code of Corrections, section 5—6—4(h) quoted above. Since the time spent on probation exceeds the sentence imposed (and indeed the maximum sentence available to be imposed) the defendant is entitled to be discharged from that sentence.

Accordingly, the defendant is ordered discharged.

CRAVEN, P. J., and TRAPP, J., concur.