The People of the State of Illinois, Plaintiff-Appellee, *v.* Henry Schreiber, Defendant-Appellant.

(No. 58834;

First District (1st Division)—October 29, 1973.

Paul Bradley, Deputy Defender, of Chicago (James R. Streicker, Assistant Appellate Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Mariann Twist, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE EGAN delivered the opinion of the court:

Defendant, Henry Schreiber, pleaded guilty on August 28, 1968, to an indictment charging theft of an automobile worth in excess of $150, and he was sentenced to three years probation on condition that the first year be served in the House of Correction. (Ill. Rev. Stat. 1967, ch. 38, par. 16—1(a)(1).) In August, 1970, the probation was extended for two years following a revocation hearing based on defendant's conviction of auto theft in Florida on May 14, 1970. On August 22, 1972, a rule to show cause was filed based on the defendant's conviction of theft on May 15, 1972, in the circuit court of Cook County. After a hearing on September 8, 1972, defendant's probation was revoked and he was

sentenced to not less than one nor more than five years in the Illinois State Penitentiary.

Defendant argues that, since his appeal from the revocation of probation was pending on January 1, 1973, the effective date of the new Code of Corrections, he is therefore entitled to the benefits of section 5—6—4 (h) of the Code (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—6—4(h)) which provides in relevant part:

> "Resentencing after revocation of probation or of conditional discharge shall be under article 4. Time served on probation or conditional discharge shall be credited against a sentence of imprisonment or periodic imprisonment."

■■ The identical issue was decided recently in two cases, *People v. Johnson* (1973), 13 Ill.App.3d 1020; *People v. Murray,* 13 Ill.App.3d 987. In both cases it was held that, since a judgment pending on appeal has not reached a final adjudication, the sentence imposed for a violation of probation was subject to the provisions of the Uniform Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4) and that section 5—6—4(h) (par. 1005—6—4(h)) was applicable.

■■ The court in *Johnson* pointed out that section 5—4—1(d)(3) (par. 1005—4—1(d)(3)) provides that the clerk of the court shall transmit to the department or other agency the number of days the defendant has been in *custody* and for which he is entitled to credit. Since there is no similar provision for stating to the department the amount of time served on probation to enable the administrative application of sentence credit as provided in section 5—6—4(h) (par. 1005—6—4(h)), the court held that it was necessary for the trial court to determine the amount of time spent on probation when imposing the sentence for violation of probation and to issue an amended *mittimus* to reflect such time served.

In the defendant's brief he asks that the case be remanded to the trial court with directions that he be given credit for the time served on probation. In oral argument, however, he maintains that he has, in effect, served his sentence while on probation and asks that we order him discharged. Whether this relief is appropriate may be determined by the trial court.

■■ The judgment of the circuit court, therefore, is affirmed and the cause is remanded to the trial court for resentencing of the defendant with directions to credit him with time served on probation and for any further proceedings consistent with the views expressed in this opinion.

Judgment affirmed; cause remanded.

BURKE, P. J., and GOLDBERG, J., concur.