THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT KLYTTA, Defendant-Appellant.

(No. 59041, 59396 cons.;

First District (4th Division)—November 27, 1974.

Elliott M. Samuels, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and John B. Adams, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

At a jury trial in the Circuit Court of Cook County the defendant, Robert Klytta, was charged with the offenses of burglary, theft and criminal trespass to a vehicle. The jury found him not guilty of theft and burglary, but guilty of criminal trespass to a vehicle. As a result of this conviction the defendant's probation, granted in a prior case, was revoked. He now appeals from both the conviction and the revocation of his probation.

The issues for review are whether the defendant was deprived of a fair trial because the prosecutor's remarks during closing arguments were inflammatory and prejudicial; whether he was proved guilty of performing the acts alleged in the indictment knowingly and intentionally; whether the sentence imposed was excessive; and whether he should be given credit on his prison sentence for time served on probation.

Police officer Harvey Hirsch testified he received a call on his radio in the early morning hours of October 28, 1970, and proceeded to 5650 North Western Avenue, Chicago, Illinois. In the alley at the rear of the building he saw a man he identified as the defendant peering around the side of the building. Several moments later a vehicle sped out of the

alley and a 4-mile high-speed chase followed. Eventually, the car which the defendant was driving hit a tree, and he was placed under arrest.

Mr. Rakic Miloje testified through an interpreter that the car was his, and he had not given the defendant permission to use it.

Mr. Jerome Hoffman testified that he was president of H.P.C. Incorporated, located at 5650 North Western Avenue, Chicago, and that he received a call at about 5 A.M. on the day in question from the ADT security service. He went to his factory where he observed that both the front and rear doors had been tampered with. He made a check of his inventory but was unable to find anything missing.

The defendant testified that at the time of the incident he was taking approximately 600 milligrams of methamphetamines (speed) a day. He stated he remembered driving the car and being involved in the chase as well as things after he wrecked the car, but to the best of his knowledge he never was inside the building at 5650 North Western Avenue. He did not remember how he got into the car.

Dr. Richard Rappaport, a psychiatrist, testified in response to a hypothetical question that a person who took the quantity of drugs testified to by the defendant would be irritable, aggressive, impulsive, talkative, suspicious and suffering from some forms of physical exhaustion, and that the person's family, social, ethical and moral values would be altered.

The State's first rebuttal witness, Carl Sharnett, director of programs for Gateway Housing Foundation and an ex-drug user, testified that a typical speed user would consume approximately 100 milligrams a day. He stated that while using amphetamines he never lost his sense of right and wrong, and that while he was using 150 milligrams a day he would not have been able to control an automobile.

Ernest Ursitti, an investigator with the Chicago Police Department, testified he was present at the scene where the defendant had his accident and had a chance to observe him in the hospital and in the police station. In his opinion the defendant was not intoxicated in any way.

Officer Hirsch also testified as a rebuttal witness for the State. He had a conversation with the defendant after the arrest and saw the defendant walk into the police station. He stated the defendant appeared to be normal.

The jury found him guilty of criminal trespass to a vehicle, and after a hearing in aggravation and mitigation the defendant was sentenced to a term of one year in the County Jail.

On October 15, 1970, the defendant had pleaded guilty to the offense of burglary and was placed on probation for a period of 5 years. As a result on May 1, 1973, a hearing was held on a rule to show cause why

the defendant's probation should not be revoked. After the hearing his probation was revoked, and he was sentenced to the Illinois State Penitentiary for a term of 2 to 6 years, the sentence to run concurrently with the 1-year term.

The defendant first argues the prosecutor's remarks during his closing argument were prejudicial and were a material factor in the jury finding him guilty of criminal trespass to a vehicle. The record reflects the following remarks by the prosecutor:

"MR. MONTEMURRO: * * * And then he let the People of the State of Illinois support his family, people like you, Mr. Davis.

MR. SAMUELS: Objection, your Honor.

THE COURT: I will sustain the objection.

MR. MONTEMURRO: People like everyone else in this county, County of Cook, State of Illinois, and people who work, people who work seven days a week, five days a week, seventy, eighty hours a week to support a family. He wants sympathy. Ladies and Gentlemen, while you were out working, and the other people, he was in your house robbing it.

MR. SAMUELS: Objection.

THE COURT: Overruled.

MR. MONTEMURRO: That's how he supported his habit, hitting drugstores and everything and everybody else that he could get to give him a lot of sympathy.

\* \* \*

Let him go, let him walk out on the street, go head, —

MR. SAMUELS: Objection.

THE COURT: Overruled.

MR. MONTEMURRO: You have that right. But when you do, Ladies and Gentlemen, take him home with you because I don't want him walking around my neighborhood at night.

\* \* \*

He didn't want to get caught, and he didn't want to be here today. All he wanted to do was pillage and plunder the homes, the sanctuaries of people like you and me to support.

MR. SAMUELS: Objection to this, your Honor.

MR. MONTEMURRO: He elicits—

THE COURT: Overruled.

MR. MONTEMURRO: —self-gratifying habits of narcotics. Thank you very much."

■■ The defendant states that these remarks are in clear violation of the well established rules that it is improper for the prosecutor to address

the jurors individually or play upon their personal circumstances or fears. *People v. Garreau* (1963), 27 Ill.2d 388; *People v. Provo* (1951), 409 Ill. 63; *People v. Payton* (1966), 72 Ill.App.2d 240.

The defendant also argues the prosecutor prejudicially made personal slurs against him and commented adversely on his morality and sexual life, although these matters were not related to any issue at trial. *People v. Wilson* (1948), 400 Ill. 461.

The defendant maintains this was a close case as evidenced by the fact that the jury acquitted him of two of the three charges and that the prejudicial effect of the remarks contributed to his conviction on the third charge.

█ This court cannot condone the remarks of the prosecutor, but we find they could not have been a material factor in the defendant's conviction in light of the overwhelming evidence of guilt. In the case of *People v. Berry* (1960), 18 Ill.2d 453, the court stated:

> "Where it appears that improper remarks do not constitute a material factor in the conviction, or that they are of such a minor character that prejudice to defendant is not their probable result, the verdict will not be disturbed."

Furthermore, the fact the jury acquitted the defendant on two counts convinces us the jury was not swayed in any way by the improper remarks of the prosecutor.

The defendant in this case does not contest the fact that he performed the acts alleged in the indictments with respect to criminal trespass to a vehicle. The defendant only contests that he performed the acts knowingly and intentionally. The jury heard evidence of how the defendant had led an automobile chase which resulted in an accident only after 4 miles of high-speed driving. It heard testimony of how the defendant acted normally after the accident at the crash sight and at the police station. It also heard from an ex-drug-user who stated he would not have been able to control an automobile after using one-fourth of the amount of speed testified to by the defendant.

██ We find there was ample evidence to support an inference by the jury that the defendant failed to tell the truth when he stated he was unable to remember how he got into the stolen car.

The defendant also raises two issues with regard to his sentencing. He asserts that the sentences are excessive and that he should be given credit for time served on probation.

██ The State does not contest the first issue, and the law is clear that time served on probation shall be credited against a sentence of imprisonment. (Ill. Rev. Stat., 1972 Supp., ch. 38, § 1005—6—4(h); *Peo-*

*ple v. Schreiber* (1973), 18 Ill.App.3d 410.) However, it is well established in Illinois that the imposition of sentence is a matter of judicial discretion, and the sentence imposed by the trial court will not be disturbed on review unless the trial judge abused his discretion. (*People v. Burbank* (1972), 53 Ill.2d 261.) In this case the sentence was within the statutory limits, and the trial judge had the benefit of a presentence report. We hold this cause should be remanded to the trial court to credit the defendant with time served while on probation. The concurrent terms of 1 year and 2 to 6 years will stand.

Affirmed and remanded with directions.

ADESKO, P. J., and BURMAN, J., concur.