THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* GREGORY WHITE (Impleaded), Respondent-Appellant.

(No. 58981; )

First District (2nd Division)—October 28, 1975.

James J. Doherty, Public Defender, of Chicago (Daniel Miranda, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Fran Baumgart, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE HAYES delivered the opinion of the court:

On 22 November 1972, respondent Gregory White (hereinafter respondent) was convicted of robbery (Ill. Rev. Stat. 1971, ch. 38, par. 18—1) on a plea of guilty. He was sentenced to probation for a period of 3 years. On 2 February 1973, at a hearing on the petition of the State's Attorney for a rule to show cause why his probation should not be revoked, he was found guilty of having violated a condition of his probation, and his probation was revoked. On 2 March 1973, he was sentenced on his original robbery conviction to a term of not less than 4 years nor more than 8 years in the Illinois State Penitentiary. This is an appeal from the revocation of his probation and from the sentence imposed on the original robbery conviction.

The petition (application) of the State's Attorney for the revocation of respondent's probation is before us as an appendix to respondent's supplemental reply brief. The petition informs the probation judge that, on 20 December 1972, respondent, while on probation for robbery, was arrested for the offenses of armed robbery and of unlawful use of weapons, which arrest is alleged to be a violation of section 117—2(a)(1) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 117—2(a)(1)), as amended by the Act of August 11, 1971 (namely, that, as a condition of probation, probationer shall not violate any penal statute or ordinance of any jurisdiction). The petition recites that, on 20 December 1972, a person stopped a Police Sergeant Moran on the street and told him that he (the person) had just been held up by a man with a gun who had taken his automobile. The person described the automobile. Sergeant Moran notified the police radio operator, gave the description of the automobile, and stated that he was pursuing the vehicle accompanied by the victim. The operator transmitted the message to police officers in patrolling squad cars. One such officer (Officer Lew) pursued and curbed an automobile which corresponded to the broadcast description. The driver, whom Lew identified as the respondent, got out of the automobile and Lew then found the gun which had been used in the taking of the automobile lying in the street at the feet of the driver.

At the hearing on the petition, the first witness for the State was one Mel Williams, a Cook County adult probation officer. Williams, who had with him a copy of the State's Attorney's petition, simply recited the contents of the petition in response to the prosecutor's request that he tell the court what the conditions of probation were and why the petition to revoke probation had been filed. When Williams began to recite what the unnamed victim was alleged to have told Sergeant Moran, respondent objected on grounds of hearsay. When Williams completed

his recital of the contents of the petition, respondent objected to all of the recital as hearsay. The probation judge (who was the same trial judge who had placed respondent on probation) overruled the hearsay objections and admitted the testimony of Williams into evidence.

The next witness for the State was Officer Lew, who had arrested respondent. He testified that, while he was alone on patrol in a marked squad car at 3:40 a.m. on 20 December 1972, he had received a radio message describing an automobile which had been reported by an unnamed victim as having just been taken from the victim in an armed robbery, and which was then being pursued by the officer to whom the report had been made, accompanied by the victim. The message requested patrolling police officers to be on the lookout for the car. A hearsay objection to the testimony as to the radio message was overruled. Lew then testified that he had seen an automobile which corresponded to the description of the car reported stolen; he pursued the car and curbed it. He ordered the driver, who was the only occupant of the car, to get out of the car, which the driver did by way of the door to the driver's seat. Lew immediately searched the driver and, as he did so, he saw a .22-caliber automatic pistol lying on the ground just under the driver's door and just to the rear of the left front wheel; it was about two feet away from where the driver was standing. Lew then awaited the arrival of the police officer who had the victim with him. Upon their arrival, the victim (never himself identified by anyone) identified the curbed car as his, identified the person standing alongside the door to the driver's seat as the person who had taken it, and identified the pistol as the weapon which the driver had used in taking the car. Respondent twice objected on hearsay grounds to Lew's testimony as to the several identifications made by the victim; the objections were overruled. Lew then identified respondent as the driver of the curbed car.[1] Lew identified State's Exhibit 1 as the automatic pistol he had recovered. He further testified that, at the time he recovered the pistol, it was unloaded and was inoperable owing to a broken firing pin. He also testified that both the victim and the police radio message had mentioned that the offense had been committed by two men, but that respondent had been the only person in the car when he curbed it, and respondent was the only person whom he had arrested. The foregoing testimony of Williams and of Lew was the only oral testimony adduced by the State at the hearing; the only physical evidence was the pistol.

At the close of the State's testimony, respondent moved for a directed

---

[1] Lew identified respondent by the name of Robert Lewis, but the record shows that Robert Lewis was an alias used by respondent.

finding on the ground that the pistol was not a weapon because it was concededly inoperable as a weapon. As a second ground for his motion, respondent contended that Lew's testimony that the unnamed victim had identified respondent as the person who had taken the victim's automobile at gunpoint was hearsay and should not have been admitted into evidence against respondent. Respondent's motion for a directed finding was denied. Respondent thereupon rested without introducing any evidence in his own behalf.

Since, at several times during the testimony of Officer Lew, respondent had sought to say something, the probation judge questioned respondent directly about his decision to rest his case without introducing any evidence in his own behalf. Respondent said he had been advised by his counsel not to testify, but he did not know about that. The court then questioned respondent, who denied having been in a car at the scene of his arrest, having had any part in any armed robbery, or having had anything to do with any guns. He explained his presence at the scene of his arrest by saying that he was walking from his cousin's house, where he had just visited his cousin who had had a wreck earlier that day, of which respondent had been told. The probation judge expressed his disbelief in respondent's denials and explanation. The probation judge then revoked respondent's probation for the sole reason that he found from the State's evidence that respondent had violated an express condition of his probation, namely, that respondent, while on probation, was not to have anything to do with guns or with persons who were in possession of guns. When respondent denied having stuck anybody up, the judge said: "I am not so much concerned about sticking up, but when I put you on probation, I told you not to be around anybody with guns."

This condition was not expressly stated in the written Order granting probation, but the Report of Proceedings had at the grant of probation on 22 November 1972, shows that the trial judge sentenced respondent "to a period of probation for the term of three years under the conditions that have already been set forth by the Court in open court on the record." One of those conditions was the following:

"THE COURT: Further that during the period of time that you are on probation to me, neither of you [respondent had a co-defendant named James Jackson] will be able to own, possess, use or be in the company of any person who owns, possesses or uses any knife, weapon, blade longer than six inches, any firearm, either hand gun or rifle or shot gun of any category. Do you understand that?

THE DEFENDANTS: Yes, Sir."

After a presentence hearing, the court sentenced respondent, on his plea of guilty to the original charged offense of robbery, to a term of from 4 to 8 years in the Illinois State Penitentiary.

The issues raised on respondent's appeal are as follows:

1. Whether the State proved by a preponderance of the evidence that respondent had committed the offense of armed robbery or of unlawful use of weapons and had therefore violated the condition of his probation that, during his period of probation, he shall not violate any penal law or ordinance of any jurisdiction.

2. Whether the court erred in admitting certain testimony over respondent's hearsay objections.

3. Whether the questions put to respondent by the court violated due process and respondent's privilege against self-incrimination.

4. Whether the condition of probation which the court found that respondent had violated was a condition with the violation of which he had been properly charged and adequately notified.

5. Whether the minimum sentence imposed on the original conviction of robbery exceeded the minimum permitted by the Unified Code of Corrections.

6. Whether the court should have credited respondent with the time he served on probation.

OPINION

■■ We begin by recalling some basic legal principles relating to the revocation of probation. A probationer whose probation is sought to be revoked must be accorded substantial justice. Hence, he must be notified of the alleged violations of his probation and be given the opportunity to defend against those alleged violations; the State has the burden of proving the alleged violations by a preponderance of the competent evidence; and the court must make a judicial determination as to the alleged violations in accord with accepted procedural methods. (*People v. Dotson* (1969), 111 Ill.App.2d 306, 250 N.E.2d 174; *People v. Morales* (1971), 2 Ill.App.3d 358, 276 N.E.2d 391; *People v. Wilhite* (1974), 18 Ill.App.3d 792, 310 N.E.2d 651.) Specifically, hearsay testimony is not competent to sustain the State's burden of proof, at least over objection. (*People v. Collins* (1973), 14 Ill.App.3d 446, 302 N.E.2d 709; *People v. Lewis* (1975), 28 Ill.App.3d 777, 329 N.E.2d 390.) Since the revocation of probation is a matter within the sound discretion of the trial court, the reviewing court will not disturb the order of the trial court unless that discretion has been abused. *People v. Newton* (1974), 18 Ill.App.3d 180, 309 N.E.2d 779; *People v. Crowell* (1971), 1 Ill.App.3d 868, 276 N.E.2d 508, *aff'd* (1973), 53 Ill.2d 447, 292 N.E.2d 721.

In the instant case, the trial court did not find that the State had proved that respondent had committed either the offense of armed robbery or the offense of unlawful use of weapons. It found rather that the State had proved that respondent had violated the condition of his probation that he not possess any firearm; and respondent's probation was revoked pursuant to that finding. Respondent's first two issues on this appeal may therefore seem irrelevant, even though the State contested each of those two issues. But we are reviewing the correctness of the order revoking probation; if the State properly proved that respondent had committed either of the alleged offenses, then order as such would be correct. Hence, we will review each issue.

■■ The testimony of Probation Officer Williams consisted solely of reciting to the court the contents of the State's Attorney's petition for the revocation of respondent's probation. That petition was addressed to the court and constituted in effect the pleading which initiated the hearing at which Officer Williams was testifying. To the extent, if any, to which Officer Williams' testimony was intended to establish the substantive truth of the recitals in the petition as to the circumstances alleged to constitute the offenses of armed robbery and of the unlawful use of weapons, his testimony was clearly hearsay, and respondent's objection to its admissibility should have been sustained. Williams had no personal knowledge of the substance of those recitals; in fact it is not even clear that Williams had personal knowledge of all the conditions of respondent's probation. Hence, the testimony of Williams contributes nothing toward sustaining the State's burden of proof that respondent committed the offenses of armed robbery and of unlawful use of weapons.

■■ That leaves only the testimony of Officer Lew. He testified that, about 3:40 a.m. on 20 December 1972, he was patrolling alone in a marked squad car, when he received a police radio message that a described automobile had just been reported stolen at gunpoint by two men who had driven off in the car. The victim and the police officer to whom the report had been made were pursuing the car, and all other police officers were to be on the lookout for it. Officer Lew had then seen a car answering the description of the car reported stolen, had pursued and curbed it, and had ordered the driver, who was the sole occupant, to get out of the car. The driver got out through the door to the driver's seat. Officer Lew immediately searched him and, in doing so, saw a .22-caliber automatic pistol lying on the ground two feet away from the driver just under the door to the driver's seat and just to the rear of the left front wheel of the car. Lew identified respondent as the driver of the car and identified the State's Exhibit 1 as the pistol he recovered. But Lew's testimony as to the unnamed victim's identification of the

driver as the person who had taken his car at gunpoint and his identification of the pistol as the weapon used by the driver were clearly hearsay identifications, objected to as such by respondent. The declarations of the declarant-victim were offered through Officer Lew to prove the substantive truth of the declarant-victim's assertion that respondent had taken his car at gunpoint. It is error to permit a police officer to testify that a person, not produced as a witness in the case, identified defendant as the perpetrator of the offense with which the defendant is charged. (*People v. Krejewski* (1928), 332 Ill. 120, 163 N.E. 438; *People v. DeBerry* (1965), 62 Ill.App.2d 323, 211 N.E.2d 26; *People v. Wright* (1965), 65 Ill.App.2d 23, 212 N.E.2d 126.) The fact that the declarant-victim was himself unidentified simply exacerbates the error. Without the testimony as to the identifications by the declarant-victim, the testimony of Officer Lew does not prove that respondent committed the offense of armed robbery.

■■■ Nor does the competent testimony of Officer Lew prove that respondent committed the offense of unlawful use of weapons by being in the possession of a pistol, revolver, or other firearm concealed on or about his person or in a vehicle. This is subsection (4) of section 24—1(a) and is the only one of then nine subsections which could possibly apply to the competent testimony given by Lew. Concealment is an essential element of that offense (*People v. Washington* (1974), 17 Ill.App.3d 383, 308 N.E.2d 339) and Lew's testimony established that the pistol was not concealed, but was lying on the ground in plain sight. While we agree with the State that the fact that the pistol was inoperable does not exempt it from subsection (4) (*People v. Thompson* (1973), 12 Ill.App. 3d 807, 299 N.E.2d 76) and that the fact that the pistol was unloaded is of no consequence (*People v. Halley* (1971), 131 Ill.App.2d 1070, 268 N.E.2d 449), still, since the State failed to prove the essential element of concealment, it did not sustain its burden of proving that respondent committed the offense of unlawful use of weapons. *People v. Davis* (1971), 1 Ill.App.3d 1078, 275 N.E.2d 713; *People v. Higgins* (1971), 1 Ill.App.3d 879, 275 N.E.2d 478; *People v. Gant* (1967), 84 Ill.App.2d 208, 228 N.E.2d 582.

We conclude, therefore, that the State did not prove that respondent committed either the offense of armed robbery or the offense of unlawful use of weapons. We repeat that the probation judge did not find that he did.

■■ The next contention of respondent is that the questions put to him by the court, after his counsel had stated that the defense rested without introducing any testimony in behalf of respondent, constituted a violation of due process of law and of respondent's Fifth Amendment

right not to be compelled to incriminate himself. We have noted that, on several occasions during the testimony of Officer Lew, defendant had begun to interrupt in order to contest the officer's testimony. It seems clear that this circumstance led the judge to question respondent personally as to his decision not to testify. Respondent admitted having been so advised by his counsel, but then said that he "didn't know about that." Further questions by the judge elicited respondent's denials and his explanation of his presence at the scene of his arrest. All of respondent's answers were exculpatory not inculpatory. Even the court's disbelief in his exculpatory answers does not translate into self-incrimination, because the quality and quantity of the evidence for the State is unaffected thereby. Nor is there any indication that respondent's answers were involuntarily given, so that he had been compelled to answer against his will. We conclude that there is no merit to this contention. See *People v. Wallace* (1971), 48 Ill.2d 252, 269 N.E.2d 482.

Respondent's next contention is that the petition of the State's Attorney did not afford him adequate notice of the alleged probation violations so as to give him a reasonable opportunity to defend against them; hence, he was not accorded substantial justice. The petition expressly charged that, while on probation, he committed the offenses of armed robbery and of unlawful use of weapons, which conduct violated the condition of his probation that, while on probation, he not violate any penal law or ordinance of any jurisdiction. Respondent attacks the adequacy of this notice in two respects: (1) the offense of unlawful use of weapons is spelled out in section 24—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)); but that statutory provision then had nine subsections,[2] and the petition does not allege which specific subsection or subsections he is alleged to have violated. (2) The finding of the probation court was that he violated a condition of his probation, to which condition the petition made no reference whatever.

Our initial observation is that respondent's challenges to the adequacy of the notice are made for the first time on this appeal. No such objection was made in the revocation proceeding itself. Absent such objection in that proceeding, the matter is waived on appeal. *People v. Shadowens* (1973), 10 Ill.App.3d 450, 294 N.E.2d 107.

However, even treating the challenges on their merits, we do not think either can be sustained.

■■ (1) As to the offense of unlawful use of weapons, the petition alleges that Officer Lew curbed a car which corresponded to the police radio description which he had received of a car just reported stolen.

---

[2] The present subsection (10) was not then in effect.

"The offender got out of the car and the weapon used was found at the offender's feet." At the hearing on the petition, Lew's testimony amplified those allegations by stating that, at the time he curbed the car, respondent was its only occupant, by detailing the location of the pistol in relation to where respondent was standing alongside the car, and by identifying State's Exhibit 1 as the pistol in question. On the facts alleged in the petition and in the testimony of Officer Lew, subsection (4) of section 24—1(a) was the only possible one of the then nine subsections which might have been applicable. While a probationer is entitled to notice of the nature of the conduct alleged as grounds for revocation of his probation, such conduct need not be alleged with the same degree of specificity as is required in an indictment or complaint. (*People v. Johnson* (1973), 13 Ill.App.3d 1020, 304 N.E.2d 681, *cert. denied* (1974), 419 U.S. 865, 42 L.Ed.2d 101, 95 S.Ct. 119.) Respondent here was made aware that he was charged with carrying a pistol concealed in a vehicle or concealed on or about his person; in other words, that he was charged with possessing a concealed pistol. Since Lew's testimony, however, completely failed to established the essential element of concealment, the charge was not proved and the probation court did not find that it was. ■■ (2) As to the second contention of inadequate notice, it is true that neither the petition nor Officer Lew's testimony made any reference to the specific condition of probation which the probation judge found that respondent had violated, nor was that condition expressly included in the Order granting probation. The probation judge himself first raised the matter of that condition, and the Report of Proceedings at the hearing at which respondent was placed on probation confirms that the condition raised by the probation judge was an express condition of probation and that respondent understood it to be such. The situation, then, is this: respondent was adequately notified that he was charged with possessing a concealed pistol. There was no evidence of concealment, but there was a preponderance of credible evidence from which the probation judge could have reasonably inferred that respondent had been in the actual possession of the pistol at the scene of, and immediately prior to, his arrest.[3] Respondent knew that his possession of a pistol violated an express condition of his probation, even though neither the petition nor the testimony for the State at the hearing on the petition referred to that condition. To put the matter in other words, an offense expressly charged in the petition consisted of two essential elements: one was not proved

---

[3] The State erroneously refers to a *constructive* possession of the pistol. But constructive possession requires actual possession of the locus in or on which the pistol is, and not the mere ready accessibility of the pistol to respondent's physical control. *People v. Zentz* (1975), 26 Ill.App.3d 265, 325 N.E.2d 40.

at all, but the other was proved and that other by itself constituted a violation of an express condition of respondent's probation, known by respondent to be such a condition. We think respondent was adequately notified of the conduct which constituted a violation of the express condition of his probation. The instant case is distinguishable from *People v. Dwyer* (1965), 57 Ill.App.2d 343, 206 N.E.2d 113, in that the conduct which was there found to constitute the probation violation was not only not charged as such, but was also wholly unrelated to the conduct which was charged.

■■ Respondent's final two issues relate to his sentence on the original robbery conviction. The State concedes, and we agree, that respondent's minimum sentence cannot exceed one-third of his maximum sentence, and must therefore be reduced to 2 years and 8 months.[4] Respondent must also be credited with the amount of time which the trial court determines was served by respondent on probation. *People v. Schreiber* (1973), 18 Ill.App.3d 410, 304 N.E.2d 686; *People v. Dandridge* (1974), 20 Ill.App.3d 745, 315 N.E.2d 116; *People v. Jackson* (1975), 31 Ill.App. 3d 244, 333 N.E.2d 652 (abstract opinion).

For the foregoing reasons, the judgment revoking respondent's probation is affirmed, and the cause is remanded to the trial court for the indicated reduction of the minimum sentence and for the determination of the probation time to be credited to respondent against the reduced sentence.

Judgment affirmed; cause remanded for resentencing as directed.

DOWNING, P. J., and STAMOS, J., concur.

---

[4] The record indicates that the trial judge proposed to sentence respondent to from 4 to 12 years. He was then reminded that, when he granted probation, he would be sentenced to from 4 to 8 years. For that reason, by simple inadvertence, defendant was sentenced to from 4 to 8 years.