THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEO FORD, Defendant-Appellant.

First District (5th Division)    No. 61812

Opinion filed December 30, 1976.

James J. Doherty, Public Defender, of Chicago (Andrew J. Kleczek and Marc Fogelberg, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and John T. Theis, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Defendant's probation was revoked, and he was sentenced to a term of one to three years. On appeal, he contends (1) that transcript of proceedings of a trial for an offense committed by defendant during his probation was improperly admitted; and (2) that the revocation petition failed to sufficiently notify him of the charge relied upon to revoke his probation, because it was vague and did not allege the basis of the alleged violation.

On January 30, 1974, defendant entered a plea of guilty to burglary and was sentenced to a term of two years probation. A condition required that defendant not violate any criminal law. On June 5, 1974, the State filed a petition seeking to revoke his probation, which in pertinent part read:

"Petitioner further shows that Leo Ford violated the terms of his probation in that on April 22, 1974, he was arrested under the name of Willie Oscar and charged with unlawful use of weapons.

Police were patroling [sic] near 107th St. The officers turned south on Wallace near the offender, and observed the defendant drop an object that looked like a pistol. Police retrieved the object, found it to be a .22 caliber Derringer, and arrested defendant."

On July 23, 1974, the trial court ordered a trial transcript of the proceedings relating to the weapons, which was received in August of 1974 by defense counsel, who furnished a copy of the transcript to the State.

The matter was called for hearing on September 3, 1974, when, over defense objection, the State introduced its copy of the transcript, which showed that defendant had been found guilty of the charge of unlawful use of weapons. A continuance was then granted, at defendant's request, to September 24, 1974, to allow his counsel to arrange for the presence of police officers who presumably had testified for the State in the unlawful use of weapons trial. When the revocation hearing resumed on that day, the State informed the court that it was resting on the content of the transcript, and the court then inquired whether defendant had in fact been convicted, and his counsel replied, "He [defendant] was not

properly convicted; as far as a specific answer to the question, I don't want to compromise my obligation to the defendant." After determining that the transcript introduced by the State was the copy given to it by defendant and, after having been informed that defendant would not present any evidence, the court found defendant had violated his probation because of the conviction for unlawful use of weapons. A presentence report was filed, and a hearing in aggravation and mitigation was conducted before defendant was sentenced.

OPINION

Defendant initially argues that the State did not sustain its burden of proof because the transcript of proceedings of a trial for another offense during his probation was improperly admitted. He asserts that it was hearsay and was a copy which was without foundation.

We believe that our supreme court's recent decision in *People v. Davis,* 65 Ill. 2d 157, 357 N.E.2d 792, is dispositive of this contention. In *Davis,* defendant was placed on probation and thereafter convicted of a subsequent offense by the same trial judge. The State introduced copies of court records to show this conviction. The supreme court approved such procedure, observing that the concept of judicial notice was applicable because the facts were "readily verifiable from sources of indisputable accuracy." (65 Ill. 2d 157, 165, 357 N.E.2d 792, 796.) The court further sanctioned the use of such records, even though these did not comport with the degree of formality which would be required were defendant to deny the conviction or allege he was not the individual convicted. The court stated:

"It has been repeatedly held that proof of prior convictions should be by means of certified copies of the record and identification of the defendant in the prior case as the same person. [Citations.] To the extent that these and similar holdings may be thought to create an inflexible rule requiring formal proof of earlier court records only by authenticated or certified copies of those records and proof of identity, they are incompatible with considerations of judicial economy and efficiency essential to the disposition of present-day caseloads. Nor do such procedures provide any necessary or useful safeguards to the defendants in cases such as this where the fact that the prior conviction had occurred has never been denied." 65 Ill. 2d 157, 164, 357 N.E.2d 792, 795-96.

■■ The instant case presents a proper factual setting for the application of the *Davis* rationale. The copy of the transcript was introduced to establish defendant's conviction for the unlawful use of a weapon, and the verity of the conviction shown therein—readily available from the court records—was " 'capable of immediate and

accurate *determination* by resort to easily accessible sources of indisputable accuracy.' " (65 Ill. 2d 157, 165, 357 N.E.2d 792, 796 .) Since defendant did not deny the conviction, a more formalistic method of proof was not necessary to establish his conviction.

Defendant also asserts that the petition was so vague and uncertain that it failed to sufficiently inform him of the nature of the charge. Specifically, he first argues that it failed to allege that the weapon was concealed (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(4)) or that the weapon was loaded (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(10)). Thus, he concludes the petition does not set forth a proper basis to find that he had violated any criminal law.

■■ A resembling contention was presented to this court and rejected in *People v. White* (1975), 33 Ill. App. 3d 523, 531-532, 338 N.E.2d 81, 88. There, after restating the rule that defendant was entitled to notice of the nature of the conduct upon which probation revocation is sought, the court said that it need not be as precisely set forth as would be required for an indictment information or complaint. (Compare Ill. Rev. Stat. 1975, ch. 38, par. 111—3.) In *White,* the petition merely alleged that a police officer curbed an automobile which corresponded to a radio description of a reported stolen car and that " '[t]he offender got out of the car and the weapon used was found at the offender's feet.' " (33 Ill. App. 3d 523, 532, 338 N.E.2d 81, 88.) At the hearing on the petition, the police officer amplified these allegations by stating the defendant was the only occupant of the car and by detailing where the gun was with relation to where defendant was standing. It was held that although the facts were only briefly set forth in the petition, they adequately stated the circumstances of the arrest for the offense and, with the police officers' testimony at the revocation hearing, defendant was sufficiently notified that he was charged with possessing a concealed weapon. (See also *People v. Figueroa* (1975), 30 Ill. App. 3d 656, 333 N.E.2d 586 (abstract).) In the instant case, the revocation petition set forth a factual basis similar to that in *White* and, when considered with the content of the transcript of defendant's trial and conviction on the charge of unlawful use of a weapon, we believe that defendant had adequate notice not only of the offense which was the basis of the revocation, but also of the statutory subsection involved in that offense. We find, therefore, that defendant's contention of insufficient notice is without merit.

■■ Defendant also argues that because of its alleged vagueness and the fact that the revocation petition did not allege a conviction for the unlawful use of a weapon, his counsel was surprised when the State relied solely on that conviction to support its petition. As a result, he says he was prejudiced because he lacked sufficient time to prepare a defense. We reject this contention. The record discloses that when the State introduced

its copy of the transcript, defense counsel was afforded a three-week continuance to prepare a defense. He doesn't inform us as to the nature of the defense he would have advanced had more time been available, and the record discloses that he did not request additional time thereafter. Thus, his allegation that he was prejudiced because of the lack of opportunity to prepare an adequate defense is not supported by the record.

For the reasons stated, the judgment is affirmed.

Affirmed.

LORENZ, P. J., and WILSON, J., concur.