**People of the State of Illinois, Appellee, v. John T. Einoder, Appellant.**

**Gen. No. 52,292.**

First District, Fourth Division.

May 29, 1968.

Robert K. Kelty, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Robert B. Rosen, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from an order entered on March 8, 1967, revoking the probation of the defendant, sentencing him to three months in the Illinois State Farm, Vandalia, Illinois, and fining him $200 and $5 costs.

On September 12, 1966, the defendant, John Einoder, was arrested on a complaint which charged the following:

"On Monday, September 12, 1966, at 10:30 P. M., [defendant] did then drive and operate a Pontiac, Illinois license, 1966-MF 1540 upon a public highway of this State, to-wit: 95th Street, Artesian to Leavitt, 95th Street to 101st Street, situated within the Village or Town or City, County and State aforesaid, did then and there unlawfully violate Section

48 UART, State of Illinois, by reckless driving, by improper passing at intersection on right, Stop sign, medium traffic, dark, in business and residential area."

On December 12, 1966, the defendant pleaded guilty. The presiding magistrate entered judgment finding defendant guilty, and in his own hand entered an order on the back of the traffic ticket: "Jury waived executed P.G.F.G. nine (9) mos prob. C.C.A.P.D. and fine $150.00 and $5.00 to be pd w/n first 3 mos prob period C.B.R. per recog $1,-000.00."

After the above order was entered the magistrate signed a draft order which provided that the defendant was released on probation according to law "for the period of 9 months from the date hereof; during which time this cause shall stand continued, . . ." The order further provided that during the period of defendant's probation he should be under the probationary care of the Chief Probation Officer of the court, et al., and that during the period of probation the defendant should not leave the State of Illinois without the consent of the court entered of record.

The order also provided that defendant should enter into a recognizance in the sum of $1,000 "with surety or sureties to be approved by this Court, or any judge thereof, securing the due performance of the conditions imposed by the Court, which recognizance shall be in the form and with the conditions as provided by law in cases of this character and shall be duly approved by order of Court before said defendant shall be released on probation; . . ." This draft order was signed by the magistrate.

An individual recognizance release on probation was also filed in which there is the following provision: that whereas the defendant has pleaded guilty and has applied to the court to be admitted to probation in accordance with the Probation Act, "and said application having

been duly considered, the court entered an order directing that said application be granted and that the above bounden John Einoder be released on probation for the period of nine (9) months on certain terms and conditions of probation as shown by the Court record in the case of People of State of Illinois v. John Einoder, General Number X686–827 of said Court which terms and conditions of probation, so imposed by said Court, are hereby consented to, adopted and made part of this recognizance, to all intents and purposes the same as if said terms, and conditions of probation were severally and fully set forth at length in this recognizance, the undersigned being fully informed as to all said terms and conditions of probation: . . ." The recognizance further provides that if the defendant will make his appearance in court as often as he may be required to do by the court during the period of probation and shall make all payments required of him, "and shall well and truly perform all the other terms and conditions of said probation, . . . then this recognizance shall be void otherwise in full force and effect."

On March 2, 1967, the defendant received from William D. Meyering, Chief Probation Officer, a notice that he was to appear before Magistrate James Piragine on Wednesday, March 8, 1967, at 10:00 a. m. He appeared with his attorney (a different attorney from the one who had represented him in the first case) and was presented with a petition from the Probation Department. His attorney requested a continuance; the magistrate denied the request, and gave the attorney 45 minutes to prepare for the hearing. The magistrate filed an order which stated that the defendant being brought before the court for the alleged violation of his probation heretofore granted by the court, it is ordered that the defendant show cause before the magistrate at 10:00 a. m., March 8, 1967, why the probation should not be terminated and judgment entered and sentence imposed upon the original conviction entered against the defendant.

On March 8 there was presented to the court a report from the Probation Officer that when the defendant was granted probation on December 12, 1966, he was ordered not to drive an automobile; and that since that time he had driven an automobile. The court entered the following order written in his own hand: "Probation revoked, Hr held evid hrd both sides three (3) mos Ill State Farm, Vandalia, Ill. and fined $200.00 + $5.00 (Prob terminated as unsatisfactory, . . ."

On April 4, 1967, a motion for new trial was filed, setting out that the petition for rule to show cause was based solely upon the fact that the defendant was seen driving his auto and had been arrested for a traffic charge for which he was found not guilty. It was also stated that there was nothing in the orders entered by the judge at the time the probation was allowed which made abstention from driving an automobile a condition of the probation; and that the offense of reckless driving as set out in the original complaint was insufficient.

A hearing was held before Magistrate Piragine on April 4, 1967, at which time defendant's attorney raised the point that the prohibition of driving an automobile was not a condition of the probation. The attorney representing the State was not the assistant who handled the case originally. The court pointed out that it was orally stated to the defendant at the time he was placed on probation that he was not to operate any vehicle on any highway of the State, except at his place of employment, only within the premises of Kole Pontiac proper, whether the area was fenced in or in a garage, and no other place. The court further stated that the defendant was given a copy of a mimeographed form which was not signed and was not entirely filled out. It was addressed to Mr. William D. Meyering, Chief Probation Office, and stated:

"This is to advise you that John T. Einoder of 8817 South Washtenaw, Evergreen Park, was admitted of

178

probation by me on the 12th day of December, 1966, for a period of 9 months, after a conviction of Section 48 and in addition to the statutory condition of probation, he was (blank) House of Correction, committed to the (blank) County Jail for a period of (blank) months or to make restitution of $155.00 within the first three months at $55.00 per month for the benefit of and so forth; and no driving for his term of probation; whose address is (blank) was also ordered to (blank) the circumstances of the offense are reckless driving."

It is not shown that this form is a part of the court record. From the order of revocation of the probation this appeal is taken.

The rules governing probation are found in the Code of Criminal Procedure (Ill Rev Stats 1965, c 38, § 117–2), as follows:

*Conditions of Probation.* (a) A person admitted to probation shall be subject to the following conditions:

(1) Not violate any penal statute or ordinance of any jurisdiction.

(2) Not leave the State without the consent of the court.

(3) Make a report to such person or agency and at such times as the court may direct and shall appear in person before the court at such time as the court may direct.

(4) Execute a recognizance in accordance with the provisions of Article 110 of this Code.

(b) A person admitted to probation may be subject to the following conditions:

. . . . . .

(5) Perform or refrain from performing such other acts as may be ordered by the court.

179

In the case before us the draft order of the court contained no provision prohibiting the defendant from driving an automobile, nor did the recognizance executed by the defendant contain any such provision. The only indication that there was such a provision in the original probation order is the statement of the magistrate made on April 4, 1967, concerning his memory of what occurred at the original hearing on December 12, 1966. Had there been no question at all as to the accuracy of the court's memory, nevertheless it would not have been sufficient. The rule is that the entry of the order granting probation must contain all the elements of the probation and is indispensable in order to enable the court to retain jurisdiction. People v. Molz, 415 Ill 183, 113 NE2d 314; People v. Cahill, 300 Ill 279, 133 NE 228; and People v. Penn, 302 Ill 488, 135 NE 92, in which latter case it was held that all orders granting or refusing release on probation must be entered of record.

It appears to us that there is nothing in the record before us which prohibits the defendant from driving an automobile during the period of his probation. Nor is the matter helped in any way by the fact that an unsigned document was given to the defendant which was addressed to Mr. Meyering and which did contain a provision that the defendant should not drive a car. To hold that an oral statement made by the court at the time of entering a judgment (which statement does not appear in the record) is binding, would be to change the time-honored rules of practice in the court.

In People v. Price, 24 Ill App2d 364, 164 NE2d 528, the court said at page 375:

> "Our statute provides that upon proof, satisfactory to the court, of a violation by the probationer of any of the conditions of his probation, the court may revoke the probation and issue a warrant for the arrest of the probationer . . ."

180

At page 376 the court said:

"What our courts have held is that a defendant in every case where probation has been granted is entitled to a conscientious judicial determination according to accepted and well recognized procedural methods upon the question whether the conditions imposed upon the defendant when he was admitted to probation have been violated."

In its brief in this court the State cites the case of People v. McDonald, 52 Ill App2d 298, 202 NE2d 100, where the defendant was placed upon probation with the condition:

"That the defendant shall make no further threatening phone calls and upon his release, present himself at the Fairview Hospital, 2828 Prairie Avenue for psychiatric therapy; subject to remain in hospital until hospital submit a report to Judge Barrett before release."

In that case, three days after the court entered its order, the defendant entered Fairview Hospital, but did not remain there, leaving the same day, and he did not submit to psychiatric therapy there. Six days after probation was granted, a hearing was held at which the court revoked the probation and sentenced the defendant. The Appellate Court held that the trial court was acting within the scope of a proper discretion in ordering the defendant to enter the hospital. At the time the probation was granted to the defendant the court told him he should go into the Fairview Hospital immediately, and it was held that his disobedience was a violation of the condition of the probation; and further, that the fact the order did not provide he was to enter the hospital immediately could not permit him to avoid the clear meaning of the order. There was no question that the intent of the order was understood by the defendant. This case

181

has no application to the one before us because it is the interpretation by the Appellate Court of an order which was not in any way similar to the one entered in the instant case.

Under the decision we are handing down in this case it is not necessary to consider any of the other questions raised.

The order entered by the trial court on March 8, 1967, revoking the probation and sentencing the defendant to three months at the Illinois State Farm, and the order entered April 4, 1967, denying the motion for new trial or hearing and for arrest of judgment, were erroneous. The order sentencing defendant is therefore reversed and the original order entered by the trial court on December 12, 1966, admitting defendant to probation, is reinstated.

Reversed.

DRUCKER and ENGLISH, JJ., concur.