**Armando ACOSTA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 04–81–00327–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 8, 1982.

Juan Martinez Gonzales, Beeville, for appellant.

Stella Saxon, Asst. Dist. Atty., Karnes City, for appellee.

Before KLINGEMAN, BUTTS and CLARK, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from an order revoking probation. On June 5, 1978, the appellant

entered a plea of guilty before the court to the offense of possession of marihuana in an amount over four ounces, a felony. The court assessed punishment at eight (8) years' imprisonment, but suspended imposition of sentence and placed appellant on probation. One condition, among others of the probation, was that appellant shall "neither commit nor be convicted of any offense against the laws of the State of Texas, any other State or the United States." In its second amended petition for revocation, filed on April 3, 1981, the State alleged appellant had committed three offenses, all possession of marihuana of less than two ounces, during his probationary period. Although other violations of the conditions of probation were alleged, they were not proved. The court based its revocation order on these three offenses, all occurring in Karnes County. Appellant challenges the order on ten grounds. We find no merit in the arguments and affirm the order of the trial court.

In his first ground of error appellant asserts his constitutional right to subpoena and question at the revocation hearing the members of the grand jury which indicted him for the primary offense, the subject of the revocation hearing. The trial judge quashed the subpoenas and dismissed the grand jurors. We hold the trial court acted correctly. Appellant did not appeal from the judgment in 1978. Tex.Code Crim.Pro.Ann. art. 44.08(c) (Vernon Supp. 1982). He may not now challenge the indictment, by going behind its valid face.[1] *Carpenter v. State,* 477 S.W.2d 22, 23 (Tex. Cr.App.1972). Had there been any question of the validity of the indictment because of failure of the grand jury to follow the applicable Texas Constitutional provisions and laws, the time to challenge the grand jury evidence was before trial in 1978. A challenge to the composition of the grand jury must be timely raised or it is barred. *Rodriguez v. State,* 597 S.W.2d 917, 918 (Tex.Cr.App.1980). The same reasoning ap-

plies to a challenge of grand jury actions in returning an indictment. Challenge to the array may be by a motion to quash the indictment before trial. *See also Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) in which the Supreme Court ruled a state prisoner, after pleading guilty, could not collaterally attack the indictment to which he pled, even though the indictment may have been returned by an unconstitutionally selected grand jury. Tex.Code Crim.Pro.Ann. art. 19.27 (Vernon 1977) has been interpreted to mean that the array must be challenged at the very first opportunity. *Muniz v. State,* 573 S.W.2d 792, 796 (Tex.Cr.App.1978), *cert. denied* 442 U.S. 924, 99 S.Ct. 2850, 61 L.Ed.2d 291 (1979). Appellant's contention is without merit.

Appellant, in his second ground of error, argues the trial court denied him a "comprehensive hearing" before revocation of his probation. Appellant relies upon *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) which required for certain probationers the same kind of hearing afforded parolees as enunciated in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), that is, a preliminary "probable cause" hearing when the parolee is arrested and, in addition, a hearing before revocation. In Texas the probationer, unlike the one in *Scarpelli,* has not yet been sentenced when his probation is revoked. It is for this reason that counsel must represent an accused at revocation proceedings in Texas. The statutory proceedings for revocation in this State, Tex. Code Crim.Pro.Ann. art. 42.12 *et seq.* (Vernon 1979; Supp.1982), have been upheld as constitutional. *Richardson v. State,* 487 S.W.2d 719 (Tex.Cr.App.1972), *cert. denied* 411 U.S. 972, 93 S.Ct. 2167, 36 L.Ed.2d 694 (1973). The Court of Criminal Appeals construed the effect of *Scarpelli, supra, Morrissey, supra,* and *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) on Texas revocation (and sentencing) hearings

---

1. The indictment, in pertinent part, declares that on or about the 11th day of June, 1977, Armando C. Acosta "did then and there unlaw- fully, knowingly and intentionally possess a usable quantity of marihuana of more than 4 ounces."

and determined that *Scarpelli* is not applicable to Texas probation revocation proceedings. *Ex parte Shivers,* 501 S.W.2d 898, 900–901 (1973). We adhere to this ruling and overrule the second ground of error.

■ In his third ground of error appellant raises for the first time on appeal the State's failure to prove compliance with § 6 of the probation statute, *supra.* This section provides that the clerk of the court shall furnish a copy of the terms and conditions of the probation to the probationer and shall note the date of delivery of the copy on the docket. Appellant does not contend he did not know the conditions.

The duty is plainly codified in the probation statute. But an order revoking probation is not void even though there is no proof of performance of the duty when there was no question raised at the revocation hearing. The question of performance of the duty may not be raised for the first time on appeal. *Bush v. State,* 506 S.W.2d 603, 605–606 (Tex.Cr.App.1974). The probation officer testified that appellant received and understood the terms and conditions of his probation, thus accomplishing the primary purpose of § 6 of the statute. *Stevenson v. State,* 517 S.W.2d 280 (Tex.Cr. App.1975). The contention is without merit.

■ In his fourth ground of error appellant asserts the State painted a false picture by the testimony of the probation officer,

"I explained each rule individually [conditions of probation], and asked him if there was (sic) any questions, and if there isn't (sic), I have him sign his name stating that they (sic) understand those rules ... He [appellant] said he understood them and signed his name showing I had given him the rules and that he understood them."

We do not agree with appellant's statement that this is perjured testimony indicating falsely the appellant signed the judgment in the cause, and that the absence of the signature of appellant on the judgment indicates he did not receive a copy of the conditions of probation and did not understand them. The record shows the probation officer simply testified that appellant signed his name, not to the judgment, but to a statement of the probation office. On cross-examination the probation officer again repeated that appellant signed his name signifying he understood the conditions. We find there was no "false picture of the facts" presented by the State. This contention is overruled.

Appellant, in grounds of error five, six, and seven, challenges the trial court's failure to suppress the evidence (marihuana) obtained in searches by peace officers on three occasions. Constitutional protection under the Fourth Amendment to the United States Constitution and the Texas Constitution Art. I, § 9 against unreasonable search and seizure extends to probationers. *Davis v. State,* 576 S.W.2d 378 (Tex.Cr.App. 1978). The trial court in this case conducted a suppression hearing covering the three instances. All three incidents began with the automobiles in which appellant rode as the front seat passenger being stopped for traffic violations. Different officers conducted each stop and search.

On November 20, 1980, Department of Public Safety Trooper David Bradshaw stopped an automobile for speeding in Karnes County. Before the car came to a stop, a distance of about a quarter of a mile, Bradshaw observed a great deal of movement between the two occupants, the driver and passenger. The passenger disappeared at one time onto the floorboard. After talking with the driver away from the car, the officer opened the door on the passenger side "because of the unusual action of the passenger ... the unusual way that the vehicle was stopped ... the unusual motion that the passenger made toward the front seat ... appellant facing straight ahead the entire time ... the nervousness of the driver and the reluctancy to identify the passenger." He had the passenger step out for his own safety "where I could see him, and no weapons were obvious." At that time he smelled "a strong odor of burned marihuana." He saw mari-

huana seeds on the floorboard by the passenger's seat in the car. A search of appellant revealed a white envelope which contained a baggy of marihuana inside his underwear at his crotch.

▮ Appellant argues this search was illegal because a search incident to arrest does not justify a body cavity search in daylight on a public street. We find nothing in the record indicating the appellant had been placed under custodial arrest before the search, therefore, we conclude this was not a search incident to custodial arrest. *See U.S. v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). We also conclude this was a search which was not based upon probable cause. (We note, incidentally, that the search was not of a body cavity.) The circumstances leading to the search of appellant and the discovery of marihuana on his person failed to give rise to probable cause to search him. "[V]ague suspicion cannot be transformed into probable cause." *Brown v. State,* 481 S.W.2d 106, 111 (Tex.Cr.App.1972). We hold the evidence should have been suppressed.

We do not agree with appellant's contention in ground of error six that evidence of contraband was illegally obtained. On March 1, 1981, officer Jimmy Burns of the Kenedy Police Department and fellow officer Edwin Jalufka were "working radar." They saw the automobile in which appellant was the passenger going sixty-four miles per hour in a forty mile zone. They turned on their overhead lights and their bright lights; the time was approximately 2:40 a.m. The police car followed the other car closely, and they observed both the driver and the passenger holding plastic baggies from the windows of the car. The driver and passenger shook the baggies, and a green leafy substance came back on and into the police car and on the street. The car came to a stop after about four-tenths of a mile. Burns testified, "As the car stopped we noticed the right front passenger [appellant] opened his door and dumped a green leafy-like substance right next to the car." This substance was recovered and later identified as marihuana. As the officers approached the car, the windows were down, and they smelled marihuana smoke. The driver of the automobile was Benjamin Soto; the passenger was the appellant. A search of the car revealed marihuana seeds and loose marihuana leaves underneath the passenger's side. The same kind of evidence was found throughout the car. Both the driver and appellant were arrested for possession of marihuana.

▮ When contraband is thrown or dropped away from the person of the accused in a public place, its recovery is not a "search," as contemplated by the United States Constitution or the Texas Constitution. Accordingly, there was no unlawful seizure by the police of the contraband "dumped" from the automobile by appellant. *Gomez v. State,* 486 S.W.2d 338 (Tex. Cr.App.1972). Further, probable cause existed at that point to search the appellant, driver, and automobile. *Brown v. State,* 481 S.W.2d 106 (Tex.Cr.App.1972). We hold the evidence was admissible, and ground of error six is overruled.

Appellant argues in ground of error seven that the evidence of contraband was wrongfully admitted because it was illegally obtained. He argues further that the traffic stop in this instance was a pretext stop. We do not agree. On March 7, 1981, the car in which appellant was the passenger was driven by its owner, Benjamin Soto. Officer Daniel Esparza of the Karnes County Sheriff's Department stopped the car for a traffic violation, failure to signal a lane change on Highway 181. The time was approximately 10:00 p.m. Esparza turned on the overhead lights, emergency flashers, and bright lights to accomplish the stop. The car continued for sixty to one hundred yards farther, during which time Esparza, and deputy sheriffs Greg Witcher and Larry Duckett in the patrol car with him, observed the passenger [appellant] open his car door, shake out, and throw away a plastic baggy. Esparza testified when he approached Soto's automobile, he smelled the odor of burning marihuana coming from the window that was down on the driver's side. When officer Duckett

joined him, Esparza asked the passenger to alight from the car. He stated he smelled burned marihuana on appellant's clothes and hair. Marihuana seeds and marihuana were observed by Esparza on both sides of the car's floorboard and seats. Esparza discovered a plastic bag of marijuana under the passenger's seat. He stated the officers located "a baggy or baggies" down the road, but they did not find any marihuana.

That the officers here had sufficient probable cause to authorize the initial stop of Soto's vehicle is without question. *Beck v. State,* 547 S.W.2d 266 (Tex.Cr.App. 1976), Tex.Rev.Civ.Stat.Ann. §§ 68(a), 153 (Vernon 1977). The plastic baggy held outside the passenger's door, without more, was merely suspicious action. However, the strong odor of burning marihuana emanating from the car and from both its occupants did provide the necessary probable cause to search. *Moulden v. State,* 576 S.W.2d 817, 819 (Tex.Cr.App.1978). *Brown v. State,* 481 S.W.2d 106, 110 (Tex.Cr.App. 1972). Thus, we hold the evidence was properly admitted and overrule the ground of error.

That the trial court abused its discretion in revoking his probation is appellant's eighth ground of error. The burden of proof on the State was that of preponderance of the evidence, rather than proof beyond a reasonable doubt. *Jones v. State,* 560 S.W.2d 673 (Tex.Cr.App.1978), *Scamardo v. State,* 517 S.W.2d 293 (Tex.Cr. App.1974). A revocation order can be supported by proof of only one of the violations alleged in the State's petition to revoke probation. *Gobell v. State,* 528 S.W.2d 223 (Tex.Cr.App.1975), *Ross v. State,* 523 S.W.2d 402 (Tex.Cr.App.1975).

In this case although one of the violations alleged fails in proof, we find the remaining evidence sufficient to support revocation of appellant's probation. We agree with the trial court's finding that violations had occurred on March 1, 1980, and March 7, 1980, and that possession of marihuana by appellant on those two occasions was proved by a preponderance of the evidence.

Further, appellant argues that the substance introduced was not shown to be marihuana. The evidence of its identification was presented to the trial judge by the officers and a chemist from the Department of Public Safety. The trial judge, as the sole trier of fact, resolved that question. He determined the credibility of the witnesses and the weight to be given their testimony. *Barnett v. State,* 615 S.W.2d 220 (Tex.Cr.App.1981), *Kulhanek v. State,* 587 S.W.2d 424 (Tex.Cr.App.1979). We hold the trial court did not abuse its discretion and overrule the ground of error.

Appellant asserts in his ninth ground of error that the erroneous standard of proof in this revocation of probation proceeding was applied. He relies upon the dissent of Presiding Judge Onion in *Kelly v. State,* 483 S.W.2d 467 (Tex.Cr.App.1972). The hearing is an administrative proceeding. *Hill v. State,* 480 S.W.2d 200 (Tex.Cr.App. 1971). The Texas standard of proof has been determined by the Court of Criminal Appeals to be "by a preponderance of the evidence." *Scamardo v. State, supra, Kelly v. State, supra.* This court will adhere to the declared standard and overrule the contention.

In his tenth ground of error appellant challenges the sufficiency of the indictment, *supra,* fn. 1. An examination of the charging instrument discloses it sufficiently apprises the appellant of the required elements of the offense to which he pled guilty. Thus we can presume appellant had notice of the offense. *Joseph v. State,* 614 S.W.2d 164, 165 (Tex.Cr.App. 1981). We agree with appellant that a fatally defective indictment may be challenged in an appeal from a revocation order since the trial court's jurisdiction, in that instance, would not have been invoked. The appeal from a revocation order is limited to the propriety of the revocation and does not include review of the original conviction except in the case of fundamental error such as a fatally defective indictment. *Traylor v. State,* 561 S.W.2d 492, 494 (Tex. Cr.App.1978). We find there is no funda-

mental error in the instant indictment. The final ground of error is overruled.[2]

The judgment of the trial court is affirmed.

KLINGEMAN, J., not participating.

**2.** On September 29, 1981, after the filing of appellant's brief in this appeal, the trial court conducted a hearing and revoked appellant's appeal bond in this case. Tex.Code Crim.Pro. Ann. art. 44.04(c) (Vernon Supp.1982). After timely notice of appeal, appellant caused to be filed in this appeals court the statement of facts of that hearing and a "supplemental brief" (January 29, 1982) as part of the papers of this appeal. Without stating the facts proved at that hearing, we find no abuse of discretion in the action of the trial court.