THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SHERMAN W. BROWN III, Defendant-Appellant.

Third District   No. 3—85—0077

Opinion filed October 24, 1985.

Robert Agostinelli and Kenneth D. Brown, both of State Appellate Defender's Office, of Ottawa, for appellant.

Raymond Kimbell III, State's Attorney, of Galesburg (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

Defendant, Sherman W. Brown III, pleaded guilty in June 1983 to the charge of threatening a public official. The factual basis for the

plea was that in December 1982, defendant wrote a threatening letter to Secretary of State Edgar regarding his driving privileges. Defendant was sentenced to 30 months' probation and six months' incarceration in the county jail. The sentencing judge orally announced a list of conditions attached to defendant's probation. Among the conditions recited was that defendant abstain from the use of alcohol and that he obtain treatment and counseling for alcoholism at the Spoon River Mental Health Center. However, the condition of abstinence was omitted from the written order of probation dated July 5, 1983.

On November 30, 1984, a petition to revoke defendant's probation was filed. The petition alleged that defendant had violated his probation by committing the offense of disorderly conduct, by failing to cooperate and participate in treatment for alcoholism and by failing to abstain from alcohol. Following a hearing, the trial court found that the State had failed to meet its burden on the disorderly conduct and failure to cooperate charges. However, it found that defendant had failed to abstain from alcohol. Probation was revoked, and defendant was sentenced to an extended term of 4½ years' imprisonment on the original conviction.

Defendant's brief raises several issues regarding the revocation of probation. Since we hold that his probation could not be revoked for the reason found by the court, we need not reach those other issues.

Section 5—6—3(c) of the Unified Code of Corrections (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—6—3(c) provides that "[a]n offender sentenced to probation *** shall be given a certificate setting forth the conditions thereof." It is undisputed that the written order of probation did not contain the condition that defendant abstain from alcohol. The order was later corrected by motion to reflect the oral findings of the sentencing court, but the change was made after the conduct upon which the petition to revoke probation was based had occurred.

The majority of the reported cases holds that probation or conditional release may not be revoked for reasons stated orally but not reflected in the written order. In *People v. Susberry* (1979), 68 Ill. App. 3d 555, 386 N.E.2d 361, the court cited section 5—6—3(c) in support of its holding that an oral condition not reduced to a written order could not serve as a basis for revocation. *Susberry* is only slightly dissimilar, but not distinguishable as urged by the State. *Susberry* involved a defendant convicted of criminal housing management. The trial court, in an effort to prevent future criminal violations, recited several conditions of probation relative to upgrading the buildings managed by defendant. Some of these conditions were general and

vague. Thus, when the appellate court spoke of the dangers of oral conditions of probation, it was as concerned about specificity as it was about formality. Nonetheless, section 5—6—3(c) was cited as supporting an exclusionary rule for oral conditions of probation.

*In re Serna* (1978), 67 Ill. App. 3d 406, 385 N.E.2d 87, is similar to *Susberry*. The juvenile court orally advised the respondent that he would be getting rules to follow under his supervision. The minor was later found to be truant from school. However, even though such conduct was clearly understood to be a violation, because no written rules were ever formulated or given to respondent, the court reversed the revocation of supervision.

We think the facts of the instant case present the issue in its clearest form. Defendant was on notice to abstain from alcohol. There is nothing ambiguous, uncertain or unauthorized about such a condition.

Nonetheless, we cannot agree with the trial court. If revocation were to be upheld, section 5—6—3(c) would be rendered merely precatory. More to the point, a sentence of probation constitutes a form of agreement between the offender and the criminal justice system. Because of the severity of the consequences if the agreement is broken, it is important that both parties have a definite, memorialized understanding of what is required of defendant.

The certificate requirement of section 5—6—3(c) must be strictly construed in light of the particular condition for which revocation was sought. Sections 5—6—3(a) and 5—6—3(b) provide for three different species of conditions. Section 5—6—3(a) enumerates five specific conditions which attach to all sentences of probation and conditional discharge. Section 5—6—3(b) provides the court with discretion to enter any of 11 suggested conditions. Additionally, the court is empowered to impose "other reasonable conditions relating. to the nature of the offense or the rehabilitation of the defendant ***." (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—6—3(b).) Because the conditions of section 5—6—3(a) are automatic, a certificate reflecting the imposition of such conditions would be superfluous. However, where the court fashions its own conditions or chooses conditions from among the suggested list of section 5—6—3(b), it is critical that the certificate contain precisely what the court has provided. Accordingly, we hold that if a discretionary condition of probation or conditional discharge has not been reduced to writing in a section 5—6—3(c) certificate, a petition to revoke may not be premised upon any alleged violation of such a condition.

The cases cited by the State do not persuade. *People v. Dotson*

(1969), 111 Ill. App. 2d 306, 250 N.E.2d 174, was primarily concerned with defendant's right to be notified of the grounds upon which the petition for revocation is based. In *People v. White* (1975), 33 Ill. App. 3d 523, defendant was orally advised to stay away from guns as a condition of probation. The petition to revoke charged him with unlawful use of weapons, namely a firearm. The court held that even though the charge of unlawful use of weapons was not proved in all its elements, there was sufficient evidence that defendant had possessed a gun. The court held that defendant's knowledge of the condition was an adequate basis for revocation upon proof of violation. Thus, the *White* court came to a conclusion which is irreconcilable with our holding here. However, *White* did not mention section 5—6—3(c). Moreover, there was no discussion of *People v. Einoder* (1968), 96 Ill. App. 2d 174, 238 N.E.2d 137. There, defendant was orally advised that he was not to operate any vehicle on the highways of the State as a condition of his probation. This condition was reflected in a mimeographed form which was partially filled out and addressed to his probation officer. The court found that the form was not part of the court record. It was then held that oral statements not appearing of record are not binding. (96 Ill. App. 2d 174, 180.) *Einoder* is not exactly on point, since the oral statements in the case at bar are reflected in the record. However, *Einoder* rebuts the conclusion reached by the First District in *White* that mere notice of an oral condition is sufficient to support a revocation if the condition is violated. We, therefore, reject *White* to the extent that it is inconsistent with *Einoder* and our opinion here.

Accordingly, the judgment of the circuit court of Knox County revoking defendant's probation is reversed and the extended-term sentence is vacated. Defendant's probation is to continue as governed by the order of July 5, 1983, as supplemented by the *nunc pro tunc* order of December 14, 1984.

Reversed.

WOMBACHER and STOUDER, JJ., concur.