THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIE F. GLOVER, Defendant-Appellant.

Second District   No. 84—0752

Opinion filed February 11, 1986.

G. Joseph Weller and William A. Delaney II, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert J. Morrow, State's Attorney, of Geneva (William L. Browers and Andrea Becker, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

The defendant, Willie F. Glover, was found guilty by a jury in the circuit court of Kane County of the offense of theft (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(a)(1)) having a prior conviction of theft, and was sentenced to a 24-month period of probation. The sentencing order of May 27, 1982, merely recites the 24-month probation term and specifies as a condition of probation that defendant is to serve 100 hours of community service as arranged by the probation department. The transcript of the sentencing hearing reveals nothing additional concerning any other conditions of probation.

On February 3, 1984, the State filed a petition for revocation of probation charging defendant with the offenses of theft in excess of $300 and retail theft in excess of $150 involving the unauthorized taking of merchandise from a store on October 14, 1983. A supplemental petition was filed on April 11, 1984, adding an allegation that defendant had been convicted and sentenced in Du Page County for another

theft which occurred on June 6, 1983. Defendant moved to dismiss the petition, contending that the only condition of probation recited in the original sentencing order was the performance of community service work and, consequently, any subsequent alleged violation of a criminal statute could not be the basis for the violation of a condition of probation when it was not stated in the order as a condition. The State responded by filing documents of two prior felonies for which defendant had previously been placed on probation, one which resulted in revocation of his probation for the commission of a criminal offense while on probation. Also filed was an order of probation dated March 16, 1982, signed by defendant transferring a Cook County term of probation to Kane County for another retail theft charge. Included within this order of probation were rules of probation stating, in pertinent part, that the probationer shall obey the laws of the United States, the State, county, or municipality.

The trial court denied the motion to dismiss finding that the condition that a probationer not violate any criminal statute while on probation is a statutory condition of every probation and, further, that because of defendant's previous sentence of probation, he could not now claim he did not know this was a condition of his probation in this case. The court, having previously heard evidence regarding the allegations in the petition to revoke, found that the charges had been proved and revoked defendant's probation sentencing him to a three-year term of imprisonment to be served consecutive to a sentence in Du Page County.

■ The single issue defendant raises on appeal is that he cannot be found in violation of his probation for allegations of criminal conduct where the only stated condition of his probation in the sentencing order was that he perform community service work. He requests that the judgment revoking his probation and his subsequent sentence be reversed.

Defendant principally contends that if the condition of probation that a probationer not violate any criminal statute is not specifically set out in the order of probation, a later violation of a criminal statute cannot be the basis for revoking probation. In support of this argument, defendant refers to section 5—6—3(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—3(c)), which provides that "[a]n offender sentenced to probation or to conditional discharge shall be given a certificate setting forth the conditions thereof." In response to this contention, the State maintains that a statutory condition of every sentence of probation is that the probationer not violate a criminal statute during the probation period (see

Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—3(a)(1)), and every probationer is charged with knowledge of this even though not specified in the order granting probation. Additionally, the State argues that the defendant was not without knowledge of this mandatory condition of probation because of prior occasions when he was placed on probation for other criminal offenses.

It is clearly evident from this record that the trial judge did not give the defendant a certificate setting forth the conditions of probation as required by section 5—6—3(c), nor did he specifically inform defendant orally at the time of sentencing of the mandatory condition of probation contained in section 5—6—3(a)(1) that he not violate any criminal statute. In the only Illinois decision discussing section 5—6—3(c), the appellate court in *People v. Brown* (1985), 137 Ill. App. 3d 453, 484 N.E.2d 945, stated the statutory certificate requirement should be strictly construed. (137 Ill. App. 3d 453, 455, 484 N.E.2d 945.) In *Brown,* the court held that if a discretionary condition of probation has not been reduced to writing in a 5—6—3(c) certificate, a petition to revoke probation may not be premised upon such an alleged violation even though the court orally advised the defendant of this discretionary condition of probation. (*People v. Brown* (1985), 137 Ill. App. 3d 453, 455-56, 484 N.E.2d 945; see also *People v. Susberry* (1979), 68 Ill. App. 3d 555, 562, 386 N.E.2d 361. But see *People v. White* (1975), 33 Ill. App. 3d 523, 532-33, 338 N.E.2d 81.) In *dicta,* however, the court in *Brown* further stated that "[b]ecause the conditions of section 5—6—3(a) [one being that a probationer shall not violate any criminal statute] are automatic, a certificate reflecting imposition of such conditions would be superfluous." (*People v. Brown* (1985), 137 Ill. App. 3d 453, 455, 484 N.E.2d 945.) Without commenting on the correctness of the main holding in *Brown,* we conclude that the certificate requirement in section 5—6—3(c), while it is salutary and should be followed, is not a mandatory requirement.

■ Section 5—6—3(c) states that an offender sentenced to probation "shall" be given a certificate setting forth the conditions thereof. Generally, the use of the word "shall" is regarded as indicative of a mandatory intent of the legislature; but this is not an inflexible rule. The statute may be interpreted as permissive, depending upon the context of the provision and the intent of the drafters. (*People v. Singleton* (1984), 103 Ill. 2d 339, 341-42, 469 N.E.2d 200.) If the provision directs a manner of conduct for the guidance of officials or is designed to secure order, system and dispatch in proceedings, it is generally directory, absent negative language denying the performance if the acts required are not done in the manner designated. *Shipley v.*

*Stephenson County Electoral Board* (1985), 130 Ill. App. 3d 900, 902-03, 474 N.E.2d 905.

Section 5—6—3(c) first became law in Illinois upon adoption of the Unified Code of Corrections (Pub. Act 77—2097, eff. January 1, 1973) and was not contained in the prior Code of Criminal Procedure of 1963. (See Ill. Rev. Stat. 1965, ch. 38, par. 117—2.) There is nothing in the Council Commentary to section 5—6—3(c) of the Code or in the statutory provision itself indicating a legislative intent that the mere failure of a probationer to receive a certificate of the conditions of his probation will result in all such terms being nugatory despite some other appropriate method of advising an offender of the conditions of his probation. (*Cf. In re Armour* (1974), 59 Ill. 2d 102, 104-05, 319 N.E.2d 496.) In other jurisdictions having a statutory provision similar to section 5—6—3(c), decisions have held that the failure to furnish the required certificate of the conditions of probation will not invalidate a probation revocation where the probationer has in some other way been advised of the condition which resulted in revocation of probation. (See *Acosta v. State* (Tex. App. 1982), 640 S.W.2d 381; *State v. Stotts* (1985), 144 Ariz. 72, 695 P.2d 1110; *Boyd v. State* (Ind. App. 1985), 481 N.E.2d 1124.) The statute also attempts to dictate the actual content of the judge's pronouncement of sentence, which is exclusively a function of the judiciary, and to avoid a construction which would raise doubts as to the statute's validity, we interpret the provision as directory rather than mandatory. See *People v. Davis* (1982), 93 Ill. 2d 155, 159-62, 442 N.E.2d 855.

■ Even though we determine that the certificate requirement of section 5—6—3(c) is directory, defendant has also argued that the only condition of probation listed in the sentencing order was that he perform community service work and that he cannot be held to have violated an unspecified condition. The State maintains that the requirement that a probationer not violate any criminal statute is mandatory or inherent in any probation (see *People v. Isringhaus* (1976), 38 Ill. App. 3d 535, 537, 347 N.E.2d 834; *People v. Newton* (1974), 18 Ill. App. 3d 180, 183, 309 N.E.2d 779) and, thus, defendant is charged with knowledge of this condition even though not specified in any order.

This issue must be resolved against defendant because he has not contended below or on appeal that he did not have knowledge that a mandatory statutory condition of his probation was that he not violate any criminal statute. Additionally, the record is clear that defendant was already on probation answerable to the same probation department because of another offense for which he had acknowledged and

signed an order of probation containing rules of probation which, in pertinent part, generally required that he obey all laws, and particularly specified that any infraction of the rules would constitute a violation of his probation possibly resulting in the revocation of probation. Thus, defendant has failed to allege or to show any prejudice to himself, which arguably might raise a due process question of lack of knowledge of the condition, resulting from the court's failure to specifically advise him of this mandatory probation condition in the case at bar. (*Cf. People v. Dudley* (1974), 58 Ill. 2d 57, 60-61, 316 N.E.2d 773 (the court found no basis for reversal where defendant did not claim harm or prejudice by the failure to state a plea agreement in the record).) Although we reach this result on the particular facts before us, we emphasize that all probationers should receive written conditions of probation as prescribed by statute so that each offender has a definite and memorialized understanding of the terms of his probation. See generally 3 W. LaFave & J. Israel, Criminal Procedure sec. 25.3(c) (1984).

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

NASH, P.J., and STROUSE, J., concur.