*In re* R.E.M., Jr., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. R.E.M., Jr., Respondent-Appellant).

Fourth District No. 4—87—0081

Opinion filed October 7, 1987.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Hugh Finson, State's Attorney, of Monticello, for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

The respondent minor was adjudicated delinquent and placed on probation in July of 1985. On March 4, 1986, respondent's probation was modified. On October 30, 1986, following a hearing on the State's motion to revoke, the circuit court of Piatt County found respondent in violation of the modified probation order. The case proceeded to dispositional hearing, and on January 29, 1987, the respondent was ordered committed to the Department of Corrections for a term of 18 months.

370

On appeal, the respondent maintains that the failure of the court to provide him with a certificate specifically outlining the conditions of probation render the court's order void. We affirm.

On July 1, 1985, respondent admitted to the allegations of a delinquency petition and was placed on probation. The probation order filed with the court specifically listed the mandatory conditions of probation and further enumerated the following rehabilitative measures:

"Maintain mandatory school attendance with no unexcused absence.

Undergo substance abuse screen and counseling as may be directed by the probation office.

Pay proportionate restitution as to be determined by the court."

The State subsequently moved to revoke probation alleging that respondent had refused to obtain drug-alcohol counseling and had missed school. On March 4, 1986, respondent's probation was amended. The order modifying probation provided that in addition to the terms and conditions of the original order, the respondent:

"Serve four days in the Piatt County Jail, ***.

Attend residential facility treatment for drug and alcohol abuse.

Readmit himself to school at the earliest date and to have no absences without a written medical excuse.

Pay costs of suit."

The State then filed a second petition to revoke probation. The State asserted respondent had failed to obtain residential drug-alcohol treatment and had failed to attend school. Following a hearing on the matter, the details of which need not be reiterated for our purposes, the court found respondent in violation of the amended order of probation for failure to attend school.

At the close of State's evidence on the petition to revoke, respondent moved to dismiss based upon the fact that he had never been provided with a certificate specifically enumerating the conditions of probation. Citing *In re Serna* (1978), 67 Ill. App. 3d 406, 385 N.E.2d 87, respondent maintained that failure to provide a written order rendered the revocation proceedings void. In *Serna*, the trial court's oral admonishments to a juvenile on supervision were deemed constitutionally infirm. The court stated that the admonishments were so vague that the juvenile was necessarily required to guess as to what conduct was prohibited. The court further noted that the trier of fact must supply objective criteria against which alleged violative conduct can be measured. 67 Ill. App. 3d 406, 409, 385 N.E.2d 87, 89.

In denying the motion to dismiss, the trial court herein distinguished *Serna*, specifically noting the respondent was aware of what he should and should not do with respect to the conditions of probation. The court recognized the respondent's presence in court when the initial conditions of probation were imposed and again when the conditions were modified. Consequently, the court found the respondent sufficiently apprised of the conditions of his probation.

■ The Juvenile Court Act requires that subsequent to being placed on probation, a minor "shall be given a certificate setting forth the conditions upon which he is being released." (Ill. Rev. Stat. 1985, ch. 37, par. 705—3(2).) This court has previously held that "[a]lthough it is highly desirable that the minor receive a concise written statement of the conditions of supervision, the Act does not expressly so require." (*In re K.M.B.* (1983), 117 Ill. App. 3d 89, 94, 452 N.E.2d 876, 880.) Where evidence indicates that the minor is fully apprised of the conditions of release, the failure to provide a written certificate will not constitute reversible error. *In re K.M.B.* (1983), 117 Ill. App. 3d 89, 94, 452 N.E.2d 876, 880.

Due to the lack of case law interpreting this provision of the Juvenile Court Act, those decisions construing the parallel provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1001—1—1 *et seq.*) are highly persuasive. See *In re Serna* (1978), 67 Ill. App. 3d 406, 385 N.E.2d 87.

The First District Appellate Court has recently deemed the adult probation certificate provision of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—3(c)) to be directory rather than mandatory. (*People v. Glover* (1986), 140 Ill. App. 3d 958, 489 N.E.2d 491.) Noting that the term "shall" may be interpreted in the permissive context, the court stated:

"There is nothing in the Council Commentary to section 5—6—3(c) of the Code or in the statutory provision itself indicating a legislative intent that the mere failure of a probationer to receive a certificate of the conditions of his probation will result in all such terms being nugatory despite some other appropriate method of advising an offender of the conditions of his probation. (*Cf. In re Armour* (1974), 59 Ill. 2d 102, 104-05, 319 N.E.2d 496.) In other jurisdictions having a statutory provision similar to section 5—6—3(c), decisions have held that the failure to furnish the required certificate of the conditions of probation will not invalidate a probation revocation where the probationer has in some other way been advised of the condition which resulted in revocation of probation. (See *Acosta v. State* (Tex.

App. 1982), 640 S.W.2d 381; *State v. Stotts* (1985), 144 Ariz. 72, 695 P.2d 1110; *Boyd v. State* (Ind. App. 1985), 481 N.E.2d 1124.)" *People v. Glover* (1986), 140 Ill. App. 3d 958, 962, 489 N.E.2d 491, 494.

■ While we continue to stress the importance of providing a party with a written certificate enumerating the specific conditions of probation, we find the respondent herein sufficiently apprised. The respondent was in court when both probation orders were entered. The written orders were made a part of the permanent record. The respondent spent four days in custody pursuant to the amended probation order. The respondent made contacts with a number of residential treatment facilities. Evidence adduced at the revocation hearing clearly indicated defendant's knowledge of the conditions imposed upon him. Although the court erred in not producing a written certificate pursuant to the Juvenile Court Act, there is no due process violation and reversal is not warranted. Based on the foregoing, the order of the circuit court is affirmed.

Affirmed.

SPITZ, P.J., and KNECHT, J., concur.