THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID WATSON, Defendant-Appellant.

First District (4th Division)   No. 85—1297

Opinion filed December 31, 1987.

Steven Clark and Donna Finch, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, James E. Fitzgerald, and Theresa M. Gray, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE McMORROW delivered the opinion of the court:

Defendant David Watson appeals from the trial court's denial of his motion to withdraw his guilty plea pursuant to Illinois Supreme Court Rule 604(d). (107 Ill. 2d R. 604(d).) Defendant argues that the trial court erred in denying the public defender's motion to withdraw as counsel at the hearing on his motion to vacate his guilty plea. He contends that the public defender was placed in a position of conflict of interest in representing him at this hearing, because his motion to vacate alleged the ineffective assistance of the first public defender who represented him before and during the negotiation and entry of his guilty plea. Defendant also asserts on appeal that his guilty plea was involuntary because of the ineffective assistance of his first public defender and because of the trial court's failure to admonish defendant in open court of the terms of his plea agreement with the State.

We affirm.

BACKGROUND

Defendant was charged by indictment with one count of residential burglary and one count of possession of burglary tools (Ill. Rev. Stat. 1985, ch. 38, pars. 19—3, 19—2(a)) and an attorney from the Cook County public defender's office was assigned to represent him. On the day set for trial, defendant moved for the appointment of counsel other than the public defender on the ground that the public defender had been unable to fully or adequately investigate his case. The trial court denied defendant's motion.

The public defender then motioned for a continuance to allow him time to interview witnesses that defendant had just informed him could testify for the defense. The trial court denied this motion as well. Defendant addressed the court himself, stating that he was not ready for trial and that it was unfair to deny his first request for a continuance. The trial court passed the case to allow defendant time to consult with counsel.

When the case was recalled, defendant requested a judicial conference. As a result of this conference, defendant agreed to plead guilty to one count of residential burglary and the State agreed not to prosecute the charge for possession of burglary tools. The court admonished defendant of the nature of the charges and the range of possible sentences permissible for those offenses. It also admonished defendant that he had a right to plead not guilty and demand trial, and that by pleading guilty he was giving up his rights to plead not guilty, demand a jury or bench trial, present evidence on his own behalf, remain silent, be presumed innocent, and demand that the State present evidence of his guilt beyond a reasonable doubt. Defendant stated that he understood that he had these rights and was waiving them by pleading guilty. Defendant confirmed that he was pleading guilty voluntarily of his own free will, and that no threats, force, or promises apart from the plea agreement had compelled him to plead guilty. Defendant also stipulated to the facts alleged by the State. The trial court accepted the plea of guilty and sentenced defendant to 12 years' imprisonment, as was agreed upon by the State and defendant.

Thereafter defendant filed a *pro se* motion to withdraw his guilty plea. He alleged that he had received ineffective assistance from the public defender who represented him during his plea negotiation and at the entry of the guilty plea. The court appointed an attorney from the "Multiple Defendants Conflicts Unit" of the public defender's office to represent defendant on his motion to withdraw his plea.

At the hearing on defendant's motion to vacate his guilty plea, the public defender asked to withdraw from representing defendant.

Counsel asserted that it would constitute a conflict of interest for him to argue that another public defender had provided defendant ineffective assistance of counsel. When questioned by the trial court whether he felt unable to represent defendant, counsel responded that he "personally" did not have any conflict and had the highest loyalty to his client. The trial court denied the public defender's motion to withdraw as counsel.

Evidence presented at the hearing on defendant's motion to vacate his guilty plea established that his first public defender had discussed the charges with defendant, sought discovery of the State's evidence, reviewed the State's response, including the police report of the incident, and investigated the scene of the crime. The evidence also demonstrated that he spoke with defendant on four occasions regarding the case, including a review of the evidence against the defendant; however, it was only on the day set for trial that defendant informed counsel that he knew of witnesses favorable to his defense.

Defendant's affidavit was submitted by stipulation as the factual basis for the motion to vacate the guilty plea. In this affidavit, defendant stated that he had spoken to his public defender on only two occasions and that they had never discussed the merits of the State's case against him but had only discussed the possibility of a negotiated guilty plea. Defendant's second public defender cross-examined defendant's first public defender regarding his discussions with the defendant and his investigation of the scene of the crime. At the close of the evidence, defendant's second public defender argued that the evidence showed defendant's plea had not been voluntarily entered, since defendant had been forced either to go to trial without adequate preparation by his first public defender, or to waive a trial and agree with the State to plead guilty to the charges against him.

The trial court denied defendant's motion to vacate his guilty plea. The court stated that it believed the testimony of defendant's first public defender regarding the number and content of the discussions between that attorney and the defendant, and determined that that attorney's representation of the defendant before and during the guilty plea hearing had been effective. The trial court further observed that the defendant's plea had been voluntarily entered and that defendant had engaged in tactics intended to delay trial when he had requested a continuance and claimed that he had witnesses favorable to his defense. Defendant appeals.

606

Opinion

■■ Defendant argues that the trial court's refusal to appoint counsel other than the public defender with respect to his motion to vacate his guilty plea deprived him of the effective assistance of counsel free from any conflict of interest. The Illinois Supreme Court recently rejected a *per se* conflict of interest rule that would disqualify a second public defender who must argue that his predecessor public defender was ineffective. (*People v. Banks* (1987), 121 Ill. 2d 36.) The Supreme Court reasoned that adoption of the *per se* disqualification rule would "needlessly disqualify competent and able members of the public defender's staff *** [and] require us to presume that public defenders would allow any office allegiance to interfere with their foremost obligation to their clients." (*People v. Banks* (1987), 121 Ill. 2d 36, 43.) The Supreme Court held that "where an assistant public defender asserts that another assistant from the same office has rendered ineffective assistance, a case-by-case inquiry should be conducted to determine whether any circumstances peculiar to the case indicate the presence of an actual conflict of interest." 121 Ill. 2d 36, 44.

Consequently, although the supreme court's decision in *Banks* rejected a presumption "that [all] public defenders would allow any office allegiances to interfere with their foremost obligation to their clients" (*People v. Banks* (1987), 121 Ill. 2d 36, 43), the ruling "does nothing to emasculate the fundamental principle that '[t]he right to the effective assistance of counsel is a fundamental right and entitles the person represented to the undivided loyalty of counsel.' " (*People v. Banks* (1987), 121 Ill. 2d 36, 46 (Clark, C.J., concurring), quoting *People v. Stoval* (1968), 40 Ill. 2d 109, 111, 239 N.E.2d 441.) To prevail on a claim of ineffective assistance of counsel, because of a conflict of interest in representation by an assistant public defender who must argue that his predecessor public defender was ineffective, it is sufficient to show an "actual conflict of interest manifested at trial." *People v. Berland* (1978), 74 Ill. 2d 286, 299-300, 385 N.E. 649, 655, *cert. denied* (1979), 444 U.S. 833, 62 L. Ed. 2d 42, 100 S. Ct. 64; see also *Strickland v. Washington* (1984), 466 U.S. 668, 692, 80 L. Ed. 2d 674, 696, 104 S. Ct. 2052, 2067; *People v. Banks*, 121 Ill. 2d 36, 46 (Clark, C.J., concurring).

■■ We have thoroughly reviewed the record of the hearing with respect to defendant's motion to vacate his guilty plea. Based upon that review, we find no manifestation of a conflict of interest in the manner in which defendant was represented by the public defender at that hearing. The evidence presented by the defendant's second public

defender, the questions he posed, and the legal argument he presented to the court gave no indication that the public defender was laboring under a " 'struggle to serve two masters.' " (*Holloway v. Arkansas* (1978), 435 U.S. 475, 482, 55 L. Ed. 2d 426, 433, 98 S. Ct. 1173, 1177, quoting *Glasser v. United States* (1942), 315 U.S. 60, 75, 86 L. Ed. 680, 702, 62 S. Ct. 457, 467; see also *People v. Kester* (1977), 66 Ill. 2d 162, 166-67, 361 N.E.2d 569.) As a result, we find no error in the trial court's denial of the public defender's motion to withdraw.

■ We also find no merit to defendant's contention that his guilty plea was involuntary because of the ineffective assistance of his first public defender. Defendant asserts that his first public defender was incompetent because he did not adequately prepare defendant's defense and should have requested a continuance to investigate the existence of witnesses favorable to defendant's case. To support his premise that his public defender was ineffective, defendant relies upon *People v. Moone* (1970), 45 Ill. 2d 488, 259 N.E.2d 785.

In *Moone*, defendant's attorney believed that defendant should plead guilty and requested a continuance because defendant preferred to pursue trial rather than a plea agreement. The trial court's denial of defense counsel's motion for a continuance forced the defendant either to be represented by an attorney who refused to proceed to trial or to enter into a plea agreement with the State. *Moone* is clearly distinguishable from the case at bar. Here, the trial court found that the defendant's request for a continuance was based on nothing more than defendant's belated assertion of the existence of witnesses favorable to his defense and amounted to a dilatory tactic by defendant to avoid trial. Under these circumstances, we do not conclude that the defendant's plea was involuntary because of the ineffective assistance of his public defender.

■ Defendant also contends that his guilty plea was involuntary because the trial court did not openly admonish him on the terms of the plea agreement and confirm those terms with him, as required by Illinois Supreme Court Rules 402(b) and (d). (107 Ill. 2d Rules 402(b), (d).) Although the record indicates that the court neglected to so advise the defendant, we do not find the trial court's failure to advise requires reversal of defendant's conviction. The record shows that the defendant's plea was voluntary. Defendant does not contend that he was or is dissatisfied with the plea agreement, nor does he assert that the State has failed to comply with the terms of the agreement. Under these circumstances, we find that the court's failure to admonish the defendant of the terms of the plea agreement was not reversible

error. See *People v. Dudley* (1974), 58 Ill. 2d 57, 60-61, 316 N.E.2d 773; see also *People v. Glover* (1986), 140 Ill. App. 3d 958, 962, 489 N.E.2d 491.

For the reasons stated, the order of the circuit court is affirmed.

Affirmed.

JOHNSON and JIGANTI, JJ., concur.